OPINION OF THE COURT
Margaret Taylor, J.
This is a holdover summary proceeding. On or about September 7, 1978, petitioner (landlord) and respondent (tenant) entered into a two-year lease for the premises here at issue. That lease expired on August 31,1980. Under the terms of a renewal option set forth in the lease, the tenant’s leasehold was extended through August 31,1981. On October 27, 1981 the landlord served a 30-day notice of termination to take effect on November 30, 1981. When the tenant refused to move, the landlord brought the within eviction proceeding.
The tenant claims that on August 31, 1980 she was entitled to a one-, two-, or three-year renewal lease pursuant to section 23 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Rent Stabilization Code) because the building which contains her premises had been granted a tax abatement under section 421-a of the Real Property Tax Law (RPTL) before July 31,1981 and, therefore, all units within it are subject to the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.).
*264 The landlord claims that the premises are not made subject to the Rent Stabilization Law of 1969 by the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) because, as part of a condominium, they are exempt pursuant to section YY51-3.0 of the Administrative Code of the City of New York (Administrative Code). The landlord argues, therefore, that it was not required to offer the tenant a choice of a one-, two-, or three-year lease pursuant to section 23 of the Rent Stabilization Code when her initial lease expired on August 31, 1980 and that the tenant should be evicted pursuant to the 30-day notice of termination applicable to a month-to-month tenancy.
Since July 6, 1971 (and prior to amendment in July, 1981) section 421-a* of the RPTL provided as follows for rent stabilization in those multiple dwellings eligible for exemption from local taxation under that section: “fn]otwithstanding the provisions of any local law for the stabilization of rents in multiple dwellings completed after February first, nineteen hundred forty-seven, the rents shall be fully subject to control under such local law for a period of ten years or for the period such law is in effect, whichever is shorter” (RPTL, § 421-a, subd 2; emphasis supplied). Section 421-a (subd 1, par c) defines “multiple dwelling” as “a dwelling which is to be occupied or is occupied as the residence or home of three or more families living independently of one another, whether such dwelling is rented or owned as a cooperative or condominium ” (Emphasis supplied.) The parties agree that the premises in question are within a multiple dwelling as defined by section 421-a (subd 1, par c) and that this multiple dwelling received a tax abatement pursuant to section 421-a before July, 1981.
Although the landlord is correct in noting that section YY51-3.0 of the Administrative Code specifically excludes co-operatives and condominiums from coverage by the Rent Stabilization Law of 1969, section 421-a of the RPTL explicitly nullified that exclusion with regard to those buildings that received tax abatements prior to July 31, 1981. The landlord also alleges section 6 (subd [a], par [ii]) of the rules and regulations governing 421 partial tax *265 exemption promulgated by the Department of Housing Preservation and Development of the City of New York. That section purports to confirm the exclusion of co-operatives and condominiums as set forth in section YY51-3.0 of the Rent Stabilization Law. However, neither a local legislative body nor a city agency can promulgate laws or regulations which conflict with a State statute.
On July 31, 1981, the Legislature amended that part of section 421-a of the RPTL relating to rent stabilization to provide in paragraph (f) of subdivision 2 that: “[notwithstanding the provisions of any local law for the stabilization of rents in multiple dwellings, the rents of a unit shall be fully subject to control under such local law, unless exempt under such local law from control by reason of the cooperative or condominium status of the unit, for a period of ten years or for the period any such applicable law is in effect, whichever is shorter.” (Emphasis supplied.) Section 2 of chapter 995 of the Laws of 1981 provides that “[t]his act [amending section 421-a] shall take effect immediately [July 31, 1981] and shall apply to construction or rehabilitation commenced after the effective date of this act.” (Emphasis supplied.) It is clear that the amendment is not to be applied retroactively.
Inasmuch as the building at 115-17 East 57 Street was completed prior to the July, 1981 amendment and a section 421-a tax abatement was obtained in connection with the construction of that building, the apartments in that building are subject to rent stabilization. The landlord, therefore, was obligated in August, 1980 to offer the tenant her choice of a one-, two-, or three-year lease. This it failed to do.
The instant proceeding, therefore, must be and hereby is dismissed.

 Originally, in 1971 this section was numbered 421. Subsequently, in 1977 it was renumbered 421-a.