OPINION OF THE COURT

Per Curiam.

Order entered May 4,1982, unanimously affirmed, with $10 costs.
*890 We affirm for the reasons stated in the court below and for the reasons which follow. Section 421-a of the Real Property Tax Law (formerly § 421) authorizes a partial tax abatement for certain newly constructed or rehabilitated multiple dwellings located in large urban centers within the State, including dwellings rented or owned as a cooperative or condominium (Real Property Tax Law, § 421-a, subd 1, par c). In its original form, subdivision 1 of the statute provided, inter alla, that units in multiple dwellings eligible for exemption from local taxation (which would include co-operatives or condominiums) would be subject to control under the local Rent Stabilization Law for a period of 10 years or the period that such stabilization law was in effect, whichever was shorter.
In arguing that tenant’s condominium-owned apartment should be excluded from the operation of the section 421-a stabilization scheme, petitioner relies heavily on the provision of the Rent Stabilization Law of 1969 (Administrative Code of City of New York, § YY51-1.0 et seq.) limiting the application of that law to those multiple dwellings “not owned as a cooperative or as a condominium” (Administrative Code, § YY51-3.0). However, the Legislature was presumably aware of this limiting provision of the Rent Stabilization Law when it originally enacted the section 421 of the Real Property Tax Law tax abatement program in 1971. By employing the phrase, “notwithstanding the provisions of any local law for the stabilization of rents”, in prefacing that portion of former section 421 providing for rent regulation for all multiple dwellings eligible for exemption, the lawmakers did not preserve or carry over the exception contained in the local Rent Stabilization Law excluding from its orbit those accommodations owned as a co-operative or condominium. Indeed, it was not until 1981, some 10 years after the statute was enacted, and well after the building with which we are concerned was granted an exemption, that the statute was revised to exclude from the compass of rent stabilization co-operatives and condominiums receiving tax abatements under the program (Real Property Tax Law, § 421-a, subd 2, par [f] [L 1981, ch 995]). Pertinently, the 1981 amendment is, by its own terms, prospective only and applies to construction or rehabilitation commenced after its effective date.
*891 We must view the 1981 amendment as implementing a substantive change in the statute. “In enacting an amendment of a statute the Legislature, by changing the language, is deemed to have intended to materially change the law * * * A material change in the phraseology of an act is generally regarded as a legislative construction that the law so amended did not originally embrace the amended provisions” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 193, subd a, pp 357-358). “[I]f the change takes place after a considerable lapse of time * * * it indicates an intention to supply some provisions not embraced in the former statute.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 193, subd b, pp 359-360.) We do not think we can retroactively import into the language of the preexisting statute an exception for co-operatives and condominiums which was not enacted until 1981 as part of a prospective amendment.
To the extent that certain regulations of the Department of Housing Preservation and Development may be read as supporting petitioner’s position, that is not dispositive here. We recognize that the courts regularly defer to the governmental agency charged with the responsibility for administration of a particular statute, if its interpretation is not irrational or unreasonable. But where as in the case at hand, “the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded must less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight.” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459.)
In conclusion, the subject building undisputedly having received a partial tax abatement pursuant to the Real Property Tax Law well prior to the 1981 amendment, tenant is entitled, for as long as the tax exemption continues, to the protection of the Rent Stabilization Law, and this notwithstanding the condominium ownership of the premises. Such protection includes the right to a renewal lease containing all of the provisions of tenant’s expired *892 lease (Code of Rent Stabilization Association of New York City, Inc., § 60). Tenant not having been offered such a renewal lease by the building owner, Civil Court properly denied petitioner’s motion for summary judgment and, searching the record, properly granted summary judgment in tenant’s favor dismissing the holdover petition.
Dudley, P. J., Riccobono and Sullivan, JJ., concur.