■ FASA PROPERTIES, N. V., Appellant, v ELLA FREIDUS, Respondent. — Order of the Appellate Term, First Department, entered on April 13, 1983 (120 Misc 2d 889), which affirmed an order of the Civil Court, New York County (Margaret Taylor, J.), entered on May 4, 1982 (114 Misc 2d 263), which dismissed the holdover proceeding brought by petitioner-appellant Fasa Properties, is unanimously reversed, on the law and the facts, the declaration is made that the rent stabilization laws do not apply to condominium units in multiple dwellings pursuant to section 421-a of the Real Property Tax Law, petitioner's application for an order of eviction is granted, and the matter is

remanded to the Civil Court for an inquest to determine the amount of claimed rent arrearages due and owing the petitioner, with costs. ¶ Petitioner-appellant Fasa Properties brought this holdover proceeding to recover possession of a condominium unit Fasa had leased to respondent Ella Freidus. The lease expired on August 31, 1981. Thereafter, Freidus became a month-to-month tenant. On October 27, 1981, Fasa served Freidus with a notice of termination effective November 30, 1981. Upon Freidus's failure to surrender possession, this holdover proceeding ensued. ¶ The dispositive question on this appeal is whether the Legislature, by its 1981 amendment of section 421-a of the Real Property Tax Law (L 1981, ch 995), effected a substantive change in the applicability of the rent stabilization laws to multiple dwellings containing condominium or cooperative units, or merely clarified the preexisting law that such laws do not apply. We hold that the 1981 amendments constitute a mere clarification of the preexisting law that rent stabilization laws do not apply. ¶ Our conclusion is drawn in part from a review of the Governor's Bill Jacket accompanying the 1981 reenactment of section 421-a of the Real Property Tax Law. Contained therein is a letter from Mayor Koch to then Governor Carey recommending approval of the bill and listing five objectives of the amendments, numbers three and five of which are instructive: ¶ "(iii) [to] make it clear that cooperatives and condominiums are not rent stabilized by reason of receiving benefits under 421-a." ¶ "(v) [to] clarify and reorganize various provisions of the existing law so that it is more readable and understandable." ¶ The letter stated further: "The bill further clarifies the fact that units in a cooperative or condominium complex are not subject to the rent stabilization law solely by reason of participating in the benefits of the program. *This is consistent with existing law in which cooperatives and condominiums are exempt from rent stabilization.*" (Emphasis supplied.) ¶ Accordingly, respondent is not entitled to a renewal lease under the rent stabilization laws. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.