■ In the Matter of CABRINI MEDICAL CENTER, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered November 14, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request for an increase in its 1977 Medicaid reimbursement rate. ¶ In 1973, petitioner, a hospital authorized to provide hospital services pursuant to article 28 of the Public Health Law, constructed a 478-bed facility, including an emergency room, with financing provided under article 28-B of the Public Health Law. Effective April 1, 1977, a "maximum allowable payment for any general hospital out-patient or emergency services" of $50 was imposed by the Legislature (Public Health Law, § 2807, subd 2, par [d], as added by L 1977, ch 77, § 20). Pursuant thereto, respondent Commissioner of Health applied the $50 limit in determining petitioner's Medicaid reimbursement rate for the period April 1, 1977 through December 31, 1977. Petitioner sought relief from this rate contending that, as an article 28-B facility, it was entitled to receive the $50 limit plus an amount allocable to capital costs per Medicaid patient for the delivery of emergency room and out-patient services. After respondent Department of Health denied petitioner's appeal, a hearing was requested by petitioner, but a rate review officer denied this request on the ground that no issues of fact had been raised. ¶ Petitioner then commenced this CPLR article 78 proceeding to challenge respondents' determination of its 1977 reimbursement rate. Petitioner asserted that respondents' denial of relief was arbitrary and capricious in light of petitioner's status as an article 28-B facility and the fact that similar relief was granted to Mount Sinai Hospital, also an article 28-B facility. Special Term dismissed the petition, concluding that petitioner's status as an article 28-B facility did not remove it from the $50 statutory limitation on Medicaid reimbursement rates and that significantly different facts were involved in the Mount Sinai Hospital case. From the

judgment dismissing the petition, this appeal ensued.[*] ¶ We affirm. The enactment of the $50 limit was preceded by legislation in 1976 which declared a state of emergency in order to assure the availability of funds for medical services in light of the fiscal crises then facing both State and local governments (L 1976, ch 76, § 1; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 94). It is evident that the $50 limit was part of the continuing effort to alleviate this emergency inasmuch as, for example, the title to the bill enacting the $50 limit stated that the act as to control the amount of expenditures under the medical assistance program (L 1977, ch 77). The failure of the Legislature to except article 28-B facilities from the $50 limit must have been purposeful for the Legislature was aware that such limit would have an adverse impact on the budget operations of article 28-B facilities (see Letter of Legislative Counsel for New York Association of Homes for the Aging to Senator John J. Marchi and Assemblyman Arthur J. Kremer, March 10, 1977, Governor's Bill Jacket, L 1977, ch 77). Furthermore, as the fiscal crises abated, the Legislature provided for "the addition of the capital cost per visit" to the $50 maximum limit (L 1979, ch 56, § 1) to allow hospitals to recover some of the cost of necessary capital outlays (Governor's Memorandum, NY Legis Ann, 1979, p 70). From this legislative background, it is apparent that article 28-B facilities were subject to the same Medicaid reimbursement limitations as other hospitals and that respondents have applied section 2807 (subd 2, par [d]) of the Public Health Law to petitioner's Medicaid reimbursement rates according to the statute's terms with an "accurate apprehension of legislative intent" (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Accordingly, Special Term properly concluded that petitioner was not entitled to more than the $50 statutory limit notwithstanding petitioner's article 28-B status. We add that if 10 NYCRR 86-1.23 (e) is contrary to the clear wording of the statutory $50 limit, the regulation should not be accorded any weight (*id.*). ¶ We further agree with Special Term's rejection of petitioner's argument that respondents' determination was arbitrary and capricious because of the granting of a similar rate appeal by Mount Sinai Hospital. Our review of the record reveals that the facts surrounding the Mount Sinai rate appeal are distinguishable from those at bar. For instance, due to the volatile bond market at the time, the purchaser of the bonds sold to finance the Mount Sinai construction required a written commitment that the capital cost component of Mount Sinai's reimbursement rates would fully reflect the costs associated with the notes and mortgage, without regard to otherwise applicable ceilings or freezes. Such a written commitment was made by letter dated March 11, 1976, prior to the enactment or effective date of the $50 limit. In the rate appeal by Mount Sinai, respondents agreed with the contention that the imposition of the $50 limit on Mount Sinai's reimbursement rate would violate the terms of the March 11, 1976 commitment. In the absence of a similar commitment in the case at bar, respondents' determination was not inconsistent with the Mount Sinai rate appeal determination. Accordingly, Special Term properly concluded that respondents' determination was not arbitrary or capricious and the judgment appealed from must be affirmed. ¶ Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

\* The facts presented relate to petitioner's first cause of action. A second cause of action, unrelated to the first and also dismissed by Special Term's judgment, has apparently been reinstated by Special Term upon reargument. This appeal is limited to the dismissal of petitioner's first cause of action.