OPINION OF THE COURT
Chief Judge Cooke.
This case, although involving a relatively small sum of money, raises significant issues with respect to the State’s system of compensating victims of crime. Specifically, it concerns the criteria and means used by the Crime Victims Compensation Board (Board) to determine eligibility for compensation of persons who have suffered injuries as direct results of crime. This court holds that the Board exceeded the limits of its authority in making its award to claimant. Consequently, the order of the Appellate Division should be affirmed.
Claimant Zelik Kotlarski, a 66-year-old plumber, was mugged while working. The robber injured claimant, forcing him to miss nine weeks of work, and relieved him- of $524 in cash. He filed a claim with the Crime Victims Compensation Board, which determined that his unreimbursed loss of earnings was $594 and awarded him that amount. Pursuant to section 629 of the Executive Law, the State Comptroller requested that the Attorney-General bring this proceeding to review the award. The Appellate Division granted the Attorney-General’s petition to annul the award as illegal and excessive.
It should be emphasized that involved here is not the question of whether the State should attempt to make victims whole. Regrettably, crime touches all too many persons today, and many of its victims sustain financial losses as a result of their injuries. To ameliorate these losses, the Legislature enacted a program to provide restricted financial assistance to certain victims of crimes (see Executive Law, § 620 et seq.). What is to be considered *194 on this appeal is whether there should be strict adherence to the provisions of this statutory scheme governing the distribution of finite State resources to these victims.
When the Legislature created this State’s pioneering system for compensating crime victims, it expressly recognized that large numbers of innocent persons were killed or injured each year by criminals and that “[s]uch persons or their dependents may thereby suffer disability, incur financial hardships, or become dependent upon public assistance” (Executive Law, § 620).[1] The Legislature declared its “intent that aid, care and support be provided by the state, as a matter of grace, for such victims of crime” (id.). In the absence of statutory provision or special undertaking, of course, an innocent victim of a crime has no claim to redress by the State (see Riss v City of New York, 22 NY2d 579, 582-583). As a legislative creation, then, the compensation here must be confined to the terms of the statutes creating the program (see Zaldin v Concord Hotel, 48 NY2d 107, 113).
When the Legislature established the Crime Victims Compensation Board, it directed that awards be made only where the claimant would suffer serious financial hardship without compensation. If the Board “finds that the claimant will not suffer serious financial hardship” if refused compensation to offset lost earnings, the statute directs that “the board or board members shall deny an award” (Executive Law, § 631, subd 6).[2] The statute does not define “serious financial hardship”, but directs the Board to “consider all of the financial resources of the claimant” in establishing by rule specific standards for making such determinations.
*195 In claimant’s case, the award was based on a finding by Board Member Gottlieb that serious financial hardship had been established. The Appellate Division was correct in annulling the award determination. The Board’s standards for assessing financial hardship are not in accord with the relevant statutory provisions. Subdivision 6 of section 631 requires that the Board “consider all of the financial resources of the claimant.” Under the rules promulgated by the Board, however, a wide variety of items are exempted from consideration as part of claimant’s “financial resources”: a homestead or five years’ rent, clothing and personal effects, furniture and appliances, equipment necessary for a trade, an automobile, and life insurance (9 NYCRR 525.9 [b]). In addition, the Board permits the exclusion of an amount not exceeding the claimant’s annual income and as much as $100,000 in inventory and property necessary for the production of claimant’s income (9 NYCRR 525.9 [c]). Finally, the Board’s rules provide that “the board shall, within the limitations of the law, render a decision which will as nearly as possible permit the claimant and/or his family to maintain a reasonable standard of living. Where out-of-pocket expenses and/or loss of earnings or support would lower this standard of living, this may in the discretion of the board be deemed serious financial hardship” (9 NYCRR 525.9 [d]).
The Board’s rules extend beyond the terms of the controlling statute. To the extent that they exempt a claimant’s assets and income from consideration, the rules do not take into consideration “all of the financial resources of the claimant” as directed by subdivision 6 of section 631. Likewise, the Board’s rules permit it to deem a lowering of claimant’s “reasonable standard of living”, no matter how minor or short-lived, to be “serious financial hardship”. Although the Legislature left it to the Board to define the precise limits of what constitutes severe financial hardship, the plain meaning of those words themselves establishes the outer boundaries. A diminution, of unspecified degree, in a person’s “reasonable standard of living” falls outside the boundaries of what can be considered a demonstration of serious financial hardship. The Board’s interpretation of the terms of section 631 is contrary to the clear *196 language of the statute and is therefore entitled to no deference (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). To the extent that the Board’s rules conflict with the statute, therefore, they are invalid.
In annulling the Board’s determination with respect to claimant, the Appellate Division held that there was no demonstration that claimant would suffer severe financial hardship if denied an award. The ruling was correct. The Board found that claimant had savings of $24,000, securities worth $4,275, and an interest in real property worth $30,000. In addition, the Board did not take into consideration other property that was exempt under its rules. Claimant’s assets do not support the Board’s conclusion that claimant would suffer severe financial hardship if denied an award of $594 for lost earnings.
The Board, emphasizing the “double negative” in the statute, maintains that, before it grants an award, it is not required to find that severe financial hardship will result if no award is made, and that only when it finds that hardship will not result is it required to deny an award. Such a reading not only runs contrary to the statute but would render it meaningless. Although subdivision 6 of section 631 directs that the Board deny awards when claimants would not suffer severe financial hardship, it does not follow that the Board is free to circumvent the statute by declining to make any determination with respect to the existence of severe hardship. To support an award, there must be a determination, supported by sufficient findings in the record, that the claimant would suffer severe financial hardship if denied an award.
Contrary to the Board’s assertions, this does not place an impossible burden on either the Board or claimants. Claimants need not exhaust all of their financial resources before receiving an award. Nothing in the statutory scheme prevents the Board from assessing, based on a claimant’s current financial position, lost wages and injuries, the prospective likelihood of claimant suffering severe financial hardship. No claimant meeting the criteria set forth by the Legislature need be denied compensation.
*197 The Board’s remaining arguments have been considered and are found to be without merit.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed.

. At the time New York enacted its program in 1966, only California, Great Britain, and New Zealand had such compensation provisions (see Note, Compensation for Victims of Crimes of Violence, 31 Alb L Rev 120).

. In full, subdivision 6 of section 631 of the Executive Law provides: “If the board or board member, as the case may be, finds that the claimant will not suffer serious financial hardship, as a result of the loss of earnings or support and the out-of-pocket expenses incurred as a result of the injury, if not granted financial assistance pursuant to this article to meet such loss of earnings, support or out-of-pocket expenses, the board or board members shall deny an award. In determining such serious financial hardship, the board or board member shall consider all of the financial resources of the claimant. The board shall establish specific standards by rule for determining such serious financial hardship.”