Honorable Ronald A. Zweibel Chairman Crime Victims Board
Your counsel has asked whether the Crime Victims Board ("Board") should consider the proceeds of a life insurance policy as part of the financial resources of a claimant for purposes of determining serious financial hardship, or whether these proceeds should be treated as directly reducing the expenses for which an award may be made.
The Board was formed to provide financial assistance as a matter of grace to the victims of crime in New York State who, without such assistance, would suffer serious financial hardship from losses and expenses resulting from the injury (Executive Law, §§ 620, 631[6]). Claims may be filed with the Board by victims of crime or by a surviving spouse, parent, child, other dependent and certain other family members (id.,
§ 624). Awards are made to compensate for medical expenses and for loss of earnings or support resulting from the injury and for rehabilitative occupational training (id., § 631[2], [3]).
The amount of an award may not exceed out-of-pocket expenses (id., § 631[2]). Out-of-pocket loss is defined as "unreimbursed and unreimbursable expenses or indebtedness reasonably incurred for medical care or other services necessary as a result of the injury upon which such claim is based" (id., § 626). Any award must be reduced by the amount of any payments received by the claimant as "a result of the injury (a) from or on behalf of the person who committed the crime, (b) under insurance programs mandated by law, (c) from public funds, (d) under any contract of insurance wherein the claimant is the insured or beneficiary, (e) as an emergency award pursuant to section six hundred thirty of this article" (id., § 631[4]). The above provisions deal with the expenses that may be considered for purposes of making an award. However, to support the granting of an award, the Board must make a determination that the claimant would suffer "serious financial hardship" if denied an award (id., § 631[6]; Matter of Regan v CrimeVictims Compensation Board, 57 N.Y.2d 190 [1982]). In determining whether the claimant would suffer serious financial hardship, the Board "shall consider all of the financial resources of the claimant" (id., § 631[6]). Your question is whether in the event of the death of a crime victim, the proceeds of a life insurance policy should directly reduce the expenses for which an award might be made or should be considered as part of the financial resources of the claimant for purposes of determining serious financial hardship.
Section 631(4)(d) requires the reduction of an award by the amount of payments received "as a result of the injury * * * under any contract of insurance wherein the claimant is the insured or beneficiary". We believe that this provision should be read together with sections 631(2) and 626 of the statute. Section 631(2) authorizes awards not exceeding out-of-pocket expenses, which is defined as unreimbursed and unreimbursable expenses (id., § 626). In our view, the payments listed in section 631(4)(d) would serve to reduce eligible expenses only if they are reimbursements for those expenses. A payment under a life insurance policy is not a reimbursement for specific expenses, but rather is a general benefit payable upon death. It is distinguishable, for example, from health insurance which is a reimbursement for specific medical and hospital expenses. Further, section 631(4) provides for the reduction of an award by the amount of certain payments received "as a result of the injury". Life insurance is payable only upon death, and would appear to be excluded by the clear language of the statute. Further, from a practical standpoint, if life insurance proceeds must be used to reduce eligible expenses directly, in many instances no expenses would be left to form the basis for an award after deduction of a substantial life insurance benefit. An otherwise needy claimant might be deprived of assistance as a result of such a statutory construction.
You informed us that section 631(4)(d), providing for the reduction of an award by the amount of payments received under a contract of insurance, was the Board's legislative proposal #1 for 1970 (L 1970, ch 376). It appears from the legislative history of this proposal, that the intent was to remove any questions about the then existing Board policy of deducting health and other private insurance benefits in determining "out-of-pocket expenses", which were construed by the Board to mean only those expenses which the claimant is personally liable to pay (Dec 5, 1969 memorandum from Board to the counsel to the Governor; April 13, 1970 letter from the chairman of the Board to the counsel to the Governor; Legislative memorandum re: Senate 8730 from Senator John R. Dunne to the counsel to the Governor; April 20, 1970 memorandum from the State Comptroller to the counsel to the Governor). There is no indication of an intent that life insurance payments were within the meaning of the amendment (ibid.). The Board has for some time, in the case of an injury resulting in death, considered life insurance payments as part of the financial resources of a claimant for purposes of determining serious financial hardship (9 NYCRR § 525.9[b][6] [filed August 14, 1978]).
We believe that the proceeds of a life insurance policy should be considered by the Board in determining whether the claimant will suffer serious financial hardship. The statute directs the Board to "consider all of the financial resources of the claimant" in making this determination (§ 631[6]; Matter of Regan v Crime Victims CompensationBoard, supra).
We conclude that the Crime Victims Board may not reduce the expenses for which an award may be made by the amount of proceeds of a life insurance policy but must consider the proceeds for purposes of determining whether a claimant would suffer serious financial hardship if denied an award.