Hon. Ronald A. Zweibel Chairman Crime Victims Board
Your counsel has asked whether the Crime Victims Board can adjust a loss of support award to take into account inflation.
As stated in counsel's letter, at the present time the Board is making approximately 110 protracted loss of earnings payments in amounts under $100 per month. Some of these awards are as low as $12.68 per month and date back to 1968. The Board is contemplating reopening some of these older cases and modifying the awards to compensate for the effects of inflation since the date of the award. The question is whether such a reopening of the case and modification of the award is permissible under the statute.
The Board was formed to provide financial assistance as a matter of grace to the victims of crime in New York State who, without such assistance, would suffer serious financial hardship from losses and expenses resulting from the injury (Executive Law, §§ 620, 631[6]). Claims may be filed with the Board by victims of crime or by a surviving spouse, parent, child, other dependent and certain other family members (id.,
§ 624). Awards are made to compensate for medical expenses and for loss of earnings or support resulting from the injury and for rehabilitative occupational training (id., § 631[2], [3]).
The amount of an award may include out-of-pocket expenses together with loss of earnings or support (id., § 631[2]). Out-of-pocket loss is defined as "unreimbursed and unreimbursable expenses or indebtedness reasonably incurred for medical care or other services necessary as a result of the injury upon which such claim is based" (id., § 626). Loss of earnings and support are to be in an "amount equal to the actual loss sustained" (id., § 631[3] and are by their nature awarded on a prospective basis. To support the granting of an award, the Board must make a determination that the claimant would suffer "serious financial hardship" if denied an award (id., § 631[6]; Matter of Regan v CrimeVictims Compensation Board, 57 N.Y.2d 190 [1982]). In determining whether the claimant would suffer serious financial hardship, the Board must consider the financial resources of the claimant (id., § 631[6]; 1983 Op Atty Gen 12).
The Board has the power to reopen cases that it has already ruled on:
"The Board shall have the following powers and duties:
 * * * [t]o hear and determine all claims for awards filed with the Board pursuant to this article, and to reinvestigate or reopen cases as the board deems necessary" (Executive Law, § 623[5]).
You have informed us that upon application the Board reopens cases and makes awards upon finding changed conditions producing "serious financial hardship" and routinely revokes awards when "serious financial hardship" is no longer present. Section 623(5) does not place any restrictions on the Board's powers in reopening cases.
In civil actions, it has long been established that an award of damages may include an amount to compensate for inflation (Neddo v State of NewYork, 275 App. Div. 492, 499, affd 300 N.Y. 533 [1949]; Countryman vFonda, Johnston Gloversville R.R. Co., 166 N.Y. 207, 209-210 [1907];Spadaccini v Dolan, 63 A.D.2d 110, 124 [1st Dept, 1978]). It is our understanding that the Board's initial awards, by contrast, do not take future inflation into account. Because awards to crime victims are intended to compensate for actual losses, we believe the Board may reopen cases to make adjustments for inflation since that is part of an actual loss.
We conclude that the Crime Victims Board may adjust awards to take into account the effects of inflation.