594 A.2d 583

**William G. McCOMAS**

v.

**CRIMINAL INJURIES COMPENSATION BOARD.**

**No. 832, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Aug. 28, 1991.

**144**

Timothy J. Codd, Baltimore, for appellant.

Stuart M. Nathan, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Carmen M. Shepard, Asst. Atty. Gen., on the brief), Baltimore, for appellee.

Argued before BISHOP, ROBERT M. BELL * and LEONARD S. JACOBSON (Specially Assigned), JJ.

BISHOP, Judge.

William G. McComas appeals from an order of the Circuit Court for Baltimore City which affirmed an award to him by the Criminal Injuries Compensation Board of $45,000 for

---

* Bell, J., participated in the hearing of the case and the conference in regard to its decision but was appointed to the Court of Appeals prior to the adoption of the opinion by the Court.

outstanding medical expenses and permanent total disability.

## ISSUE

Whether the amendments to Md. Ann.Code art. 26A (1987) are applicable to appellant's claim before the Criminal Injuries Compensation Board ("Board") which was filed prior to the effective date of the amendments [1].

## FACTS

Chapter 250 of Md.Laws 1988 amended the Criminal Injuries Compensation Act, Md.Ann.Code art. 26A. It increased the number of members of the Board from three to five, significantly altered the procedure for reviewing and deciding claims for compensation, gave final decision-making authority to the Secretary of Public Safety and Correctional Services, and limited the amount of compensation that may be awarded. Although all of these amendments bear on this case, the one at issue is the limit on compensation.

Article 26A, § 12(b) requires disability awards to be calculated in accordance with Md.Ann.Code art. 101, § 36. Pursuant to article 26A, § 12(b) and article 101, § 36, as they existed prior to July 1, 1988, the amount of benefits available for a permanent total disability was essentially unlimited, because the benefits continued throughout the period of disability. Effective July 1, 1988, chapter 250 of Md.Laws 1988 amended article 26A, § 12 by adding § 12(a)(2) which

---

1. Appellant presents the following three issues which we consolidated into the one stated:

 I. The statute as amended does not apply because a final decision had been made before the amendment became effective;

 II. The statute as amended does not apply retrospectively to the appellant's claim; and

 III. The statute as amended does not apply because its application would interfere with substantive rights of the appellant.

 The first and third issues will be addressed in section I of the discussion and the second issue will be addressed in section II of the discussion.

limited awards of compensation. Relevant to the instant case, § 12(a)(2) provides, "the maximum amount awarded under all of the provisions of this Act shall not exceed $45,000, including any subsequent and supplemental awards."

On July 25, 1986, appellant filed a criminal injuries claim with the Board. On March 4, 1987, the case was heard before a single commissioner in accordance with article 26A, § 8, as it existed prior to the enactment of chapter 250 of the Md.Laws 1988. On August 19, 1987, the commissioner concluded that "[t]he claimant is an innocent victim of a crime" and ordered that appellant be awarded "$666.80 for unreimbursed medical expenses." The commissioner also concluded that because "[t]he nature and extent of the claimant's injuries were not determinable at the time of the hearing[,] a further determination will be ma[d]e as to the nature and extent of the claimant's disability, based upon further submissions of medical evidence and after due deliberation."

Because it found that appellant was not the innocent victim of a crime, the Board, on August 14, 1988, reversed the commissioner's award to appellant. Subsequently, the Attorney General ruled that the Board's order reversing the commissioner's award was "not authorized by law or rules of procedure" and, on February 2, 1989, the Board, applying the limit on awards set forth in article 26A, § 12(a)(2), awarded appellant $45,000,[2] the maximum permitted under the 1988 amendment.

## DISCUSSION

■ Appellant contends that the amendments to the Criminal Injuries Compensation Act should not be applied retrospectively to his claim either because the amendments

---

**2.** The award consisted of $26,402.83 for unreimbursed medical expenses and $18,597.17 for permanent total disability, payable at the rate of $370 per month retroactive to March 17, 1986, the day appellant was injured.

affect his substantive rights or because such an application would be contrary to the legislature's intent.[3] We shall address his contentions. We note, however, that the application of the amendments to appellant's claim is governed by our holding, infra, that the rights created by the Criminal Injuries Compensation Act are purely statutory and, as such, unless vested, are subject to repeal or amendment at the will of the legislature.

## I.

In 1968, the General Assembly enacted Md. Ann. Code art. 26A. It is modeled on New York's statute which created the Crime Victim's Compensation Board. *Criminal Inj. Comp. Bd. v. Gould*, 273 Md. 486, 497, 331 A.2d 55 (1975). Recognizing the need for government financial assistance to innocent victims of crime, it was the legislature's intent in enacting article 26A "that aid, care and support be provided by the State, *as a matter of moral responsibility*, for such victims of crime." Md. Ann. Code art. 26A, § 1 (1990) (emphasis added). In enacting article 26A, the General Assembly created new obligations for the State which do not exist at common law or under constitutional law. *See Regan v. Crime Victims Compensation Board*, 57 N.Y.2d 190, 455 N.Y.S.2d 552, 553, 441 N.E.2d 1070, 1071 (1982) ("In the absence of statutory provision or special undertaking, of course, an innocent victim of crime has no claim to redress by the State.") Thus, the Criminal Injuries Compensation Act is government financial assistance in the nature of welfare benefits. *Gould*, 273 Md. at 498, 331 A.2d 55. Accordingly, victims of crime do not have a substantive right to the benefits created but only an

---

**3.** In *The Arundel Corporation and Tidewater Quarries, Inc. v. County Commissioners of Carroll County, Maryland*, No. 95, September Term, 1990, 323 Md. 504, 594 A.2d 95, filed August 22, 1991, The Court of Appeals addressed the issue of prospectivity versus retroactivity within the context of the application of a zoning ordinance. Our holding in the case *sub judice* is not inconsistent with the holding of the Court in *Arundel.*

expectation of receiving those benefits, for "[i]t is generally held that welfare benefits laws—although creating an expectation of public benefits—do not confer a contractual right to receive the expected amount." *Div. of Workers' Comp., etc. v. Brevda,* 420 So.2d 887, 891–92 (Fla.App.1982) (citing *Richardson v. Belcher,* 404 U.S. 78, 80–81, 92 S.Ct. 254, 256–57, 30 L.Ed.2d 231 (1971); *Koch v. Secretary of Dept. of Health, Education & Welfare,* 590 F.2d 260, 263 (8th Cir.1978); *DeRodulfa v. United States,* 461 F.2d 1240, 1256 (D.C.Cir.1972), *cert. denied,* 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972)). *See also Linz v. Schuck,* 106 Md. 220, 231–32, 67 A. 286 (1907) (a merely moral obligation is not sufficient consideration to transform a promise into a contract).

■ Moreover, every victim of crime does not have an expectation of benefits under article 26A. A claimant must be innocent of the crime upon which the claim is based, § 5, and the claimant must have incurred "serious financial hardship" as a result of the injury. Section 12(f)(1). Thus, no matter how grievous the injury to a crime victim, only when the Board has determined that all of the statutory requirements are met may an award of compensation be granted. *Williams v. Criminal Inj. Comp. Bd.,* 307 Md. 606, 614, 516 A.2d 573 (1986) ("[P]ecuniary loss criteria clearly limit the extent to which the Board may make an award where financial need is demonstrated.") Consequently, a claimant does not have a legally enforceable right to compensation from the State until the Board finds the claimant eligible and awards compensation.

■ Because the rights and obligations created by article 26A originated with the statute itself, amendments apply to all claims to which the Board has not granted an award. In *In Re Samuel M.,* 293 Md. 83, 95, 441 A.2d 1072 (1982), the Court of Appeals held that the right of a juvenile to be treated as a juvenile is not a constitutional right since it is a right created by statute. The court, quoting from *Woodard v. Wainwright,* 556 F.2d 781, 785, *rehearing denied,* 560

F.2d 1023 (5th Cir.1977), *cert. denied,* 434 U.S. 1088, 98 S.Ct. 1285, 55 L.Ed.2d 794 (1978), stated:

Treatment as a juvenile is not an inherent right but one granted by the state legislature [;] therefore the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved.

This is also supported by the Court of Appeals in *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 255–56, 137 A.2d 680 (1958), wherein it stated:

Our views are reinforced by the special rule of statutory construction that rights which are of purely statutory origin and have no basis at common law are wiped out when the statutory provision creating them is repealed, regardless of the time of their accrual, unless the rights concerned are vested. (Citation omitted).

The same rule of statutory construction was applied in *Aviles v. Eshelman Elec. Corp.,* 281 Md. 529, 379 A.2d 1227 (1977), a mechanics' lien case, in which the Court of Appeals stated, "Maryland mechanics' lien statutes create no vested right, but are only an in rem remedy which can be changed or withdrawn at the whim of the legislature so as to control foreclosure actions, be they accrued, pending or future." *Id.* at 533, 379 A.2d 1227. Because an amendment to the mechanics' lien statute in *Aviles* did not have a "saving provision" to protect claims which had not vested and the appellees' mechanics' liens had not been established in court prior to the enactment of the amendment, the Court of Appeals concluded that "the repealed sections of the statute ... have disappeared as affecting this case to the same extent as though they never existed." *Id.* at 535, 379 A.2d 1227. This rule of statutory construction is as applicable to an amendment that limits a purely statutory right as it is to one that completely repeals a right created by statute.

Whether the amendment limiting compensation to $45,000 applies to appellant's claim also turns on whether he had a vested right to compensation before the effective date of the amendment. "A vested right is a right so fixed that it

is not dependent on any future act, contingency or decision to make it more secure...." *Vaughn v. Nadel,* 228 Kan. 469, 618 P.2d 778, 783 (1980). In other words, "[t]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand." *Div. of Workers' Comp., Etc. v. Brevda,* 420 So.2d at 891 (citing *Aetna Insurance Co. v. Richardelle,* 528 S.W.2d 280, 284 (Tex.Civ. App.1975)).

On August 19, 1987, a commissioner awarded appellant $666.80 for unreimbursed medical expenses. The commissioner declined to make a further award until the extent of appellant's injuries could be determined. Additional financial assistance of $45,000 was awarded on February 8, 1989. Consequently, appellant did not have a vested, legally enforceable right to compensation beyond $666.80 until February 8, 1989.

## II.

Appellant further contends that it would be contrary to the legislature's intent to apply the amendments to his pending claim. He argues that statutes are presumed to act prospectively and, thus, because the legislature did not expressly rebut the presumption, the amendments cannot be applied retroactively to affect his claim. While appellant's statement of the law is generally correct, *see Miles Laboratories v. Doe,* 315 Md. 704, 712, 556 A.2d 1107 (1989), it is not applicable here.

 Amendments to purely statutory rights are not bound by this general rule. As we discussed, *supra,* purely statutory rights that have not vested may be amended or repealed at the whim of the legislature. Clearly this application affects acts that have already occurred which potentially may give rise to these rights. Absent a saving provision or some other clear expression by the legislature that it intends to protect claims that are pending on the date

of enactment, an amendment of a purely statutory right affects all claims not yet vested. *See Aviles,* 281 Md. at 535, 379 A.2d 1227; *Beechwood Coal Co.,* 215 Md. at 255–56, 137 A.2d 680. In the case *sub judice,* there is no language in the amendments which excludes pending claims.

Section 12(a)(2) of article 26A, which limited compensation awards to a total of $45,000, became effective July 1, 1988. At that time, appellant had been awarded compensation in the amount of $666.80 and had a pending claim for additional benefits. Appellant did not have a vested, legally enforceable right to compensation beyond $666.80. Accordingly, appellant's award of compensation made after the amendments were enacted was correctly limited to $45,000.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.