■ In the Matter of ROBERT R. KAUFMAN, Appellant, v DEPARTMENT OF SOCIAL SERVICES et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent New York City Employees Retirement System, which terminated petitioner's membership therein, the petitioner appeals from a judgment of the Supreme Court, Kings County (Pino, J.), dated December 14, 1981, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings. In this proceeding which was initially brought *pro se,* petitioner seeks to challenge a determination of respondent New York City Employees Retirement System terminating his membership therein. Petitioner's membership in the retirement system arose out of his employment as a case worker for respondent Department of Social Services (DSS) from September 7, 1966 until his dismissal on March 6, 1974. In a prior proceeding, this court upheld petitioner's dismissal (*Matter of Kaufman v Dumpson,* 45 AD2d 993, mot to dsmd app granted 35 NY2d 993). Respondents moved in the instant proceeding to dismiss the petition on the ground that it failed to state a cause of action and that it was time barred (CPLR 7804, subd [f]). Special Term dismissed the petition without opinion and petitioner appeals. Respondents contend that petitioner's membership in the retirement system terminated by operation of law pursuant to subdivision 1 of section B3-31.0 of the Administrative Code of the City of New York, which provides, *inter alia,* that membership in the retirement system shall cease "When the time out of city-service * * * shall aggregate more than five years in any period not exceeding ten consecutive years since he last became a member". They argue that since petitioner was dismissed by DSS in March, 1974, his membership in the retirement system had been terminated and, therefore, on its face the petition fails to state a cause of action. Upon review of the record herein, and being mindful of the fact that petitioner originally brought this proceeding *pro se,* it would seem that his claim, although inartfully set forth, is that at some point within the five-year period following his dismissal by DSS he re-entered city service and therefore is not subject to automatic termination from the retirement system under subdivision 1 of section B3-31.0 of the Adminstrative Code. We conclude that such allegations set forth a claim for relief and further that with respect to the issue of timeliness of the petition, there is a question of fact as to when petitioner was notified of the termination of his membership in the retirement system. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.