■ In the Matter of ROBERT R. KAUFMAN, Appellant, v DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Employees Retirement System (hereinafter NYCERS), which terminated the petitioner's membership therein, the petitioner appeals from an order of the Supreme Court, Kings County (Hirsch, J.H.O.), dated December 20, 1985, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, with costs.

Upon his dismissal for cause from his employment as a caseworker with the respondent Department of Social Services (hereinafter the DSS), upheld in an earlier proceeding (Matter of Kaufman v Dumpson, 45 AD2d 993, appeal dismissed 35 NY2d 993, lv denied 36 NY2d 643, rearg denied 37 NY2d 741), the petitioner was advised that his membership in the respondent NYCERS had been terminated. The petitioner challenged this determination, maintaining that by virtue of his continued employment with the Board of Education as a teacher in a high school evening session on a per diem basis subsequent to his dismissal from the DSS, he was entitled to continued membership in the retirement system (see, Matter of Kaufman v Department of Social Servs., 99 AD2d 778). Upon consideration of his claim, NYCERS adhered to its initial decision, concluding that the petitioner's employment with the Board of Education did not render him eligible for membership in the system. We agree and accordingly affirm Special Term's order upholding NYCERS' termination determination.

The membership of NYCERS shall, pursuant to the Administrative Code of the City of New York, consist of "[a]ll persons in city-service [i.e., employees of the city] * * * in positions in the competitive or labor class of the civil service * * * whose compensation is at a rate not less than eight hundred forty dollars per annum" (Administrative Code, tit 13, ch 1, § 13-104 [1]; § 13-101 [3] [a]; emphasis added).

The respondent NYCERS' construction of these provisions as excluding from its membership any employee who is compensated on other than a per annum basis, i.e., per diem or per session employees, is supported by rule 11 (h) of the Rules and Regulations of the Board of Estimate for the Administration and Transaction of Business of NYCERS, which provides that "[n]o person who, after October 1, 1920, renders service as a Teacher, Director, Instructor or Life Guard in the evening or summer schools or vacation playgrounds shall, by such service, acquire any right or benefit in the Retirement System" and, as it is neither irrational nor unreasonable *(see, Uniformed Firefighters Assn. v Beekman,* 52 NY2d 463, 472; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459), it will be upheld. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.