*762 OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which plaintiffs-petitioners seek a judgment declaring that regulations promulgated by the Department of Environmental Conservation (hereinafter referred to as En Con) for municipal and private solid waste incineration facilities at 6 NYCRR part 219 are invalid, and null and void. Further, petitioners seek an injunction against granting permits or approvals for air emissions from solid waste incinerators pursuant to the said invalid regulations.
The Environmental Conservation Law (ECL) was amended by the Legislature in 1985 and section 19-0306 was enacted. This section, entitled "Municipal solid and infectious waste incineration facilities”, required En Con, after consulting with the Department of Health (DOH), to establish operating requirements for municipal solid waste incinerators. In particular, En Con is to set levels for acid, gas, sulphur dioxide, nitrogen oxides and hydrochloric acid; combustion efficiency, establishment of monitoring schedules for toxic air contaminants; continuous monitoring for specified compounds; and ash and dust sampling. The statute also created a nine-member board within En Con which included persons with engineering, health risk analysis and environmental expertise, to advise the Commissioner as to the adequacy of En Con’s regulations and programs under this section.
En Con published proposed regulations in late 1985. Upon publication, En Con initiated a formal consultation process with DOH. The DOH also participated on the Board of Operating Requirements (an advisory body established in ECL 19-0306 to advise the Commissioner of En Con as to the adequacy of the proposed operating requirements).
En Con subsequently held nine workshops around the State on the proposed regulations between May 23 and June 9, 1988. Public hearings were held on June 21, 22 and 23, 1988. The final rule and environmental impact statement were released in August 1988 and the proposed rules were filed with the Secretary of State on December 1, 1988 and became effective on December 31, 1988 (6 NYCRR part 219 ["Incinerators”]).
Petitioners commenced this article 78 proceeding challeng *763 ing the regulations as contravening ECL 19-0306 and also as violative of the State Administrative Procedure Act, contending that regulations are invalid because they were promulgated without consultation with the Commissioner of Health in violation of ECL 19-0306 (2); the regulations were inconsistent with and contravened requirements of the enabling statute (ECL 19-0306 [2]); and the regulations are invalid because they fail to analyze the costs of garbage incinerators in comparison to alternative in violation of the State Administrative Procedure Act.
This court cannot agree with the contentions of the petitioners. The respondents have consulted with the Commissioner of Health as required by ECL 19-0306 (2) and said consultation process was directly related to the content of the regulations at issue herein. There were also lengthy discussions of a number of subsidiary issues including joint review of municipal solid waste incinerator (MSWI) permit applications, collaborations on emission testing of existing MSWI facilities and development of methodologies for such reviews. Further, En Con formally transmitted proposed draft operating requirements to the DOH for comment and also received DOH comments through the Board of Operating Requirements which culminated in regulations that were responsive to any DOH concerns.
Further, the regulations at issue herein are consistent and they do not contravene ECL 19-0309 (2) and the regulations adequately evaluated the economic impacts of acid gas control and the costs of garbage incinerators in comparison to alternatives. Especially is this true herein where the interpretation of the statute (ECL 19-0309 [2]) by the administrative agency charged with its administration should be entitled to great weight and should be accepted where it is not irrational or unreasonable (see, Matter of Howard v Wyman, 28 NY2d 434, 438; Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451). In this particular case, air pollution control and the operation on incineration facilities are among the most complex and technical regulatory problems and this court will not substitute its opinion for that of the respondents, unless the regulations are so lacking in reason that they are essentially arbitrary. That is not the case herein and the petition is therefore denied in all respects.