■ LAURIE LATHROP et al., Individually and on Behalf of All Others Similarly Situated, Respondents, v VILLAGE OF BATH et al., Appellants.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The Home Energy Fair Practices Act (Public Service Law art 2) does not apply to municipalities that purchase their power from the New York State Power Authority. The legislative scheme is clear. The Legislature gave the Power Authority jurisdiction over the rates that municipalities may charge their customers for the power generated by the Authority. Since regulations regarding customer service affect the cost of service, the Legislature also gave it jurisdiction to regulate the practices and services of the municipalities with regard to their customers. To avoid conflict between the authority of the two agencies, the Legislature divested the Public Service Commission of jurisdiction over municipalities subject to the control of the Power Authority.

The Legislature has expressly provided that the services and practices, as well as the rates, of public agencies with respect to power supplied by the Power Authority shall be governed by the provisions in their contracts with the Power Authority and not by "general principles of public service law regulating rates, services and practices" (Public Authorities Law § 1005 [5] [g]). Further indication of the legislative purpose to divest the Public Service Commission of control over public agencies in distributing power purchased from the Power Authority is provided by Public Authorities Law § 1014. That section provides in part that "the provisions of the public service law * * * and every other law relating to the department of public service or the public service commission * * * shall so far as it is necessary to make this title effective in accordance with its terms and purposes be deemed to be superseded."

The Public Service Commission, the agency responsible for

administering the Home Energy Fair Practices Act (Act) and the Power Authority have both recognized that the Act does not apply to municipalities that obtain their power from the Power Authority. The rule of the Public Service Commission defining utilities subject to the Act excludes "any municipality that is exempt from commission regulation by virtue of section 1005 (5) (g) of the Public Authorities Law" (16 NYCRR 11.2). The Power Authority has provided detailed regulations concerning the services and practices of municipalities subject to its control, including customer service practices, some of which are inconsistent with the Home Energy Fair Practices Act (21 NYCRR 451.1–451-4, 457.1–457.7; parts 458, 459). The interpretation of the statute by these administrative agencies is consistent with the statutory language and should be followed (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459).

Accordingly, the judgment appealed from is modified by declaring that Public Service Law § 36 does not apply to the Bath Electric, Gas and Water Systems with respect to electric power obtained from the Power Authority, and by deleting the provision enjoining the respondents from requiring a security deposit from the petitioners. (Appeal from judgment of Supreme Court, Steuben County, Siracuse, J.—art 78, declaratory judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.