*531 OPINION OF THE COURT
F. Warren Travers, J.
In this CPLR article 78 proceeding, the petitioner contends that the respondent, New York State Public Service Commission (Commission), erred as a matter of law. Respondent Commission determined that it lacked jurisdiction over the Village of Solvay (Village) in an administrative proceeding before it and dismissed the petition.
The Village has operated a municipal electric plant since 1896. For a period of time, the Village also provided electric service to a portion of the adjacent Town of Geddes without Commission approval. In 1938, the Commission granted the Village approval to service the Lakeland District of the Town of Geddes. The approval for service beyond the territorial limits of the Village was granted pursuant to General Municipal Law § 361 (1).
Until recently, the Village supplied electricity to residential and small commercial users in the Lakeland District. In January 1991, a P & C Food Markets, Inc. warehouse, a large commercial customer of Niagara Mohawk Power Corporation (Niagara Mohawk), notified Niagara Mohawk of its intention to switch from Niagara Mohawk to the Village for its electricity requirements. Both the Village and Niagara Mohawk serve customers in the Lakeland District.
Niagara Mohawk filed a complaint and petition for declaratory ruling and emergency order with the Commission (Niagara Mohawk Power Corp. v Village of Solvay, No. 91-E-0058). Niagara Mohawk argued that the transfer of electric service to the Village constituted unfair and ruinous competition and an unreasonable duplication of electric service. The Commission dismissed the petition determining that it lacked jurisdiction over the Village.
The Village purchases all of its electric requirements from the Power Authority of the State of New York (Power Authority). The Power Authority by stipulation has intervened in this proceeding as an amicus curiae for the purpose of stating the Power Authority’s position on the meaning of the provisions of the Power Authority Act at issue in this proceeding.
In its decision, the Commission determined that it did not have authority to prevent the Village from serving the P & C Food Markets warehouse. The Commission observed that its authority over municipal electric companies supplied with power by the Power Authority was limited to approving *532 extensions of service to another municipality where public utility service was already being provided, pursuant to General Municipal Law § 361 (1).
The Commission noted that Public Authorities Law § 1005 (5) (g); (6) (d) and § 1014 delegated the issues raised by Niagara Mohawk to the Power Authority. The Commission found that dual exercise of authority over a Power Authority-supplied municipality would be unworkable, and in any event, was not intended by the State Legislature.
The Commission differentiated between the Commission’s right in the first instance to approve a municipal electric system’s request to extend service beyond its territorial limits (General Municipal Law § 361 [1]) and the Power Authority’s right to subsequently regulate the rates, services and practices of a Power Authority-supplied municipality (Public Authorities Law § 1005 [6] [d]). The Commission found that once it grants such a petition and authorizes the commencement of extraterritorial service by such a municipality in an area that is also receiving service from an investor-owned utility, its authority over that municipal electric system is exhausted.
The Power Authority in its brief states that it believes that the Commission’s decision is consistent with the provisions of the Public Authorities Law, as well as prior case law, that the express language of Public Authorities Law § 1005 (5) (g) and (6) (d) exempts from the Commission’s regulation and the provisions of the Public Service Law the "rates, services, and practices” of full-requirements municipal customers of the Authority like the Village of Solvay. The regulation of such matters is relegated to the Power Authority through the provisions and principles set forth in its contracts with the municipalities. The statutory regulation by the Power Authority is broader than just resale rates as suggested by Niagara Mohawk. The Power Authority concludes that to apply such a narrow construction to the Legislature’s clear language would defeat one of the purposes for which Public Authorities Law was enacted, namely, to enable the Power Authority to construct and operate power projects to meet the requirements of its municipal customers free of outside regulatory interference.
It appears that prior administrative decisions by the Commission when two investor-owned utilities service the same area and compete for the same customers would favor Niagara Mohawk’s position. These administrative decisions would sup *533 port Niagara Mohawk’s claim that service to the P & C Markets warehouse by the Village would constitute an unreasonable duplication of electric service. However, the present case involves one investor-owned utility regulated by the Commission and one municipally-owned utility regulated by the Power Authority. The administrative decisions of the Commission where two investor-owned utilities are involved have no application to the case presently before the court.
The court has found little case authority interpreting these various provisions. In one case (Lathrop v Village of Bath, 112 AD2d 749), the court stated as follows: "The Legislature has expressly provided that the services and practices, as well as the rates, of public agencies with respect to power supplied by the Power Authority shall be governed by the provisions in their contracts with the Power Authority and not by 'general principles of public service law regulating rates, services and practices’ (Public Authorities Law § 1005 [5] [g]). Further indication of the legislative purpose to divest the Public Service Commission of control over public agencies in distributing power purchased from the Power Authority is provided by Public Authorities Law § 1014. That section provides in part that 'the provision of the public service law * * * and every other law relating to the department of public service or the public service commission * * * shall so far as it is necessary to make this title effective in accordance with its terms and purposes be deemed to be superseded.’ ”
Upon consideration of the arguments of the parties and upon reviewing the sections of law pertinent to this controversy, the court concludes that the interpretation of the statute by these administrative agencies is consistent with the statutory language and should be followed.
The court has read and considered the other issues raised by petitioner and finds them to be without merit. The petition should be dismissed.