Arthur C. Aulisi, J.
On this motion by defendant for a further bill of particulars, the remaining unresolved issue relates to paragraph "11” of the plaintiff’s bill of particulars.
Plaintiff claims that he is entitled to recover as an item of damage against this defendant the differential between the amount of his "basic economic loss” under section 671 (subd 1, par [b]) of the Insurance Law and the amount that he has been paid as a "first party benefits” under section 671 (subd 2, par [a]) of the same statute. The difference between the two amounts represents the 20% deduction from total lost wages provided for in paragraph (a) of subdivision 2.
It is clear from the much publicized commentaries on the no-fault law that the injured party, the plaintiff herein, is not entitled to recover the 20% differential from defendant, presumably on the theory that the plaintiff has not been damaged, since the income tax which might normally be withheld from wages would be offset by the receipt of income tax free "first party benefits”. See Benedict, New York Adopts No-Fault: A Summary and Analysis, Albany Law Review (vol 37, pp 662, 690), where the author states that "This 20 percent deduction is intended to reflect the income tax savings enjoyed by the 'covered party’ by the receipt of a tax-exempt insurance award in lieu of taxable income”; Gouldin, No Fault (a pamphlet), Journal of the Insurance, Negligence and Compensation Section, New York State Bar Association, p 3, n 5; Outline of New York No-Fault Bill issued at seminars of New York State Bar Association, p 4; Clives, Questions and Answers on the State No Fault Plan, New York Times, Feb. 12, 1973.
In view of the foregoing, defendant is entitled to a protective order precluding the plaintiff from proving at the trial of the action the 20% differential between the amount of wages *1068 he lost and the amount paid to him by his own insurance company.
Defendant’s motion is, therefore, granted, in all respects.