OPINION OF THE COURT
Jasen, J.
This appeal raises a question of first impression in this court concerning the construction of the phrase "first party benefits” as used in article 18 of the Insurance Law (§§ 670-678), New York’s Comprehensive Automobile Insurance Reparations Act, which provides no-fault insurance protection to "covered persons”. Specifically, we are asked to decide whether a covered person who has sustained lost earnings in excess of $1,000 per month is entitled to recover as first-party benefits 80% of actual lost earnings with a maximum limitation of $1,000 per month, or, whether, such person’s recovery is limited to only $800 per month as first-party benefits, such figure representing 80% of actual earnings "up to one thousand dollars per month.”
The facts are undisputed and may be simply stated. On April 1, 1977, plaintiff Otto Kurcsics, while riding a motorcycle, was struck and injured by an automobile driven by one James Gantzer. A policy of automobile liability insurance *455 issued to Gantzer by Merchants Mutual Insurance Co., defendant herein, complied with the requirements of section 672 of the Insurance Law and thus provided for the payment of first-party benefits to various classes of persons.[1]
As a result of the accident and injury suffered, plaintiff submitted claims to defendant for payment of both medical expenses and lost wages.[2] Although plaintiff produced proper documentation of the fact that he had sustained a loss of $1,400 per month in wages since the time of the accident, defendant has paid him only $800 per month, contending that this amount is the maximum to which plaintiff is entitled. In contrast, plaintiff maintains that the statute specifically allows "up to one thousand dollars per month” for lost wages and not the sum of $800 as interpreted by the defendant.
This disagreement as to the amount of loss of earnings plaintiff is entitled to recover as first-party benefits spawned this litigation. By this action, plaintiff seeks a declaratory judgment construing section 671 of the Insurance Law as requiring first-party benefits to be paid for lost wages in the maximum sum of $1,000 per month and not $800 per month. Plaintiff also seeks to require defendant to pay him the remaining $200 per month to which he claims entitlement plus 2% interest thereon, and, in addition, attorney’s fees expended in recovering the same.
Special Term, in an insightful opinion, held that plaintiff is entitled to $1,000 per month in compensation for lost earnings, reasoning that "[a] reading of section 671 (subd 1, par [b]) [of the Insurance Law] plainly indicates that an injured person will be allowed to receive up to a maximum of $1,000 per month from the carrier for lost wages.” (93 Misc 2d, at p 283.) Special Term, however, denied plaintiff’s request for interest and attorney’s fees.
On appeal, a unanimous Appellate Division modified the judgment of Special Term by deleting therefrom "the provisions interpreting section 671 of the Insurance Law as requir *456 ing defendant to increase its monthly payments to plaintiff to the sum of $1,000 retroactive to April 1, 1977 and directing defendant to make such payments.” (65 AD2d, at p 197.) The order of the Appellate Division should be reversed, and the case remitted to Special Term for the award of reasonable attorney’s fees and interest.
The controversy in this case centers upon an ambiguity which is perceived to exist in section 671 of the Insurance Law. The term "basic economic loss” is defined to include as one of its components "loss of earnings from work which the injured person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to one thousand dollars per month for not more than three years from the date of the accident causing the injury.” (Insurance Law, § 671, subd 1, par [b].) In contrast, the phrase "first party benefits”, as far as is applicable to this appeal, "means payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle, less: (a) twenty percent of lost earnings pursuant to paragraph (b) of subdivision one of this section.”
Defendant takes the position that inasmuch as its duty to compensate is couched in "first party benefit” terms (see Insurance Law, § 672), its obligation for lost earnings cannot exceed the figure of $800 per month. Defendant arrives at this sum by reasoning that since first-party benefits are defined as basic economic loss less 20% of lost earnings as defined in section 671 (subd 1, par [b]) of the Insurance Law and, further, since loss of earnings as defined in such section have an outer limit of $1,000 per month, the 20% reduction works to limit recovery as first-party benefits for lost earnings to $800 per month.
Plaintiff, on the other hand, contends that since the Legislature has authorized expressly the recovery "up to one thousand dollars per month” for loss of earnings, the 20% reduction should not be interpreted as limiting this figure to read "up to $800” instead of $1,000 as clearly stated in the statute. Rather, plaintiff forwards as the reasonable and correct interpretation of these statutory provisions that the 20% deduction was intended to be computed against the gross amount of lost earnings claimed. Thus, an individual is entitled to actual lost earnings claimed less 20%, unless such reduced figure exceeds *457 $1,000 per month, in which case such person would be entitled to a maximum of $1,000 due to the outer net limit imposed by section 671 (subd 1, par [b]) of the Insurance Law. We agree with this contention.
There can be little doubt that the 20% deduction was included in the statutory scheme by the Legislature to prevent both windfall recovery to injured persons and financial hardship to insurance carriers. As has been stated: "[T]he 20% credit or deduction was designed to give the insurance carrier a monetary benefit based upon the fact that the lost earnings compensated under this law, are not includable in income for the purposes of federal income taxation and accordingly, since the claimant derives a benefit in that respect, the insurance carrier should share in said benefits through the 20% deduction.” (NY No-Fault Arbitration Reports, NF-1, vol 1, No. 1, Jan., 1977; see, also, Strain v Kechbaum, 83 Misc 2d 1066, 1067; Comment, New York Adopts No-Fault: A Summary and Analysis, 37 Albany L Rev 662, 689-690; Report of Joint Legis Committee on Ins Rates, Regulation and Recodification of Insurance Law, NY Legis Doc, 1973, No. 18, p 10.) Thus, by limiting first-party benefits to 80% of lost earnings, the Legislature has attempted to compensate the accident victim for the earnings he or she would have, in fact, realized, while, at the same time, ensuring that an unjustified financial burden is not thrust upon the insurance companies which would eventually be reflected in higher insurance premiums. In addition, the possible motivation for recovered accident victims to refrain from returning to work, if windfall recovery would be permitted, is minimized, if not entirely eliminated.
While the legislative purpose behind the enactment of the 20% deduction embodied in section 671 (subd 1, par [b]) of the Insurance Law is readily identifiable, the issue to be resolved on this appeal remains whether the 20% deduction was intended to operate so as to limit recovery for loss of earnings to $800 per month, or whether it was meant to reduce only actual lost earnings claimed, thereby allowing a maximum recovery of $1,000 per month as first-party benefits. We believe that the statutory provisions support the latter interpretation.
Section 671 (subd 1, par [b]) of the Insurance Law provides that one of the components of "basic economic loss” is loss of earnings from work and further states, in unequivocal terms, that this amount shall not exceed "one thousand dollars per *458 month for not more than three years from the date of the accident causing the injury.” Thus, it is abundantly clear that this provision contemplates recovery for loss of earnings up to $1,000 per month, and we would be remiss in reading the 20% deduction embodied in section 671 (subd 2, par [a]) of the Insurance Law as rewriting paragraph (b) of subdivision 1 to limit the maximum recovery to $800 per month for loss of earnings. If the Legislature had so intended, section 671 (subd 1, par [b]) would limit recovery to $800 per month and not authorize, as it presently does, recovery "up to one thousand dollars per month” for loss of earnings. The 20% deduction should not be treated as taking away what benefits section 671 (subd 1, par [b]) bestows for "[i]t remains a basic principle of statutory construction that a court will 'not by implication read into a clause of a rule or statute a limitation for which * * * no sound reason [can be found] and which would render the clause futile.’ ” (Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern, 47 NY2d 639, 646-647, quoting Lederer v Wise Shoe Co., 276 NY 459, 465.)
In our opinion, the language of section 671 (subd 2, par [a]) which reads "lost earnings pursuant to paragraph (b) of subdivision one of this section” refers only to so much of paragraph (b) of subdivision 1 which defines lost earnings, to wit: "loss of earnings from work which the injured person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income”. The $1,000 per month limitation embodied in section 671 (subd 1, par [b]) is not part and parcel of the definition of lost earnings, but, merely, represents the outer limit of recovery set down by the Legislature in the no-fault automobile insurance scheme. Thus, we hold today that an injured person can recover up to $1,000 per month from the insurance carrier for lost earnings. The statutory scheme envisions nothing less.[3]
We recognize that the Superintendent of Insurance has interpreted the applicable provisions of section 671 of the Insurance Law as limiting recovery for lost earnings to $800 *459 per month. (11 NYCRR 65.6 [n] [2] [xi].) Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld. (Matter of Howard v Wyman, 28 NY2d 434; cf. Ostrer v Schenck, 41 NY2d 782, 786.) Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight. (See Matter of Adams [Government Employees Ins. Co.], 52 AD2d 118, 121.)[4]
One final point requires comment. Plaintiff argues that he is entitled not only to the $200 per month which has been improperly withheld from him, but, in addition, should recover 2% interest per month on the overdue amount and the reasonable cost of attorney’s fees in collecting the deficiency. We agree.
Subdivision 1 of section 675 of the Insurance Law expressly provides that "[a]ll overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion thereof was overdue and such claim was not paid before an attorney was retained with respect to the overdue claim, the claimant shall also be entitled to recover his attorney’s reasonable fee.” In accordance with this statutory mandate, plaintiff is entitled to the interest claimed and reasonable attorney’s fees.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court, Special Term, Erie County, to award reasonable attorney’s fees and interest claimed.

. As correctly noted by the Appellate Division, an operator of a motorcycle at the time of the accident herein "was equated to a pedestrian or bicyclist, and was a 'covered person’ under subdivision 10 of section 671 of the Insurance Law.” (65 AD2d, at p 193.) However, by amendment effective December 1, 1977, a motorcycle is considered to be a motor vehicle for purposes of the No-Fault Automobile Insurance Law and an injured rider or passenger of the motorcycle must seek compensation from the insurer thereof. (L 1977, ch 892, § 10, adding Insurance Law, § 672, subd 6.)

. No question as to the medical expenses is raised on this appeal.

. To recover the maximum of $1,000 per month, a claimant would be required to demonstrate that he or she suffered loss of earnings as defined in section 671 (subd 1, par [b]) in the amount of $1,250 or more. This is so because the 20% deduction would operate so as to reduce the gross loss of earnings claimed. If, for example, an injured person claims $1,100 in lost earnings, the 20% deduction works to reduce the amount recoverable to $880 ($1,100 minus [.20 X $1,100]).

. While it is true, as the dissenter observes, that the Legislature has not deemed it necessary to correct the superintendent’s interpretation, we would note that at the time the Legislature undertook the revision of the No-Fault Automobile Insurance Law, the question presented here — that this interpretation conflicts with legislative intent — had not been raised to alert the Legislature.