*1044 Meyer, J.
(concurring). There is no question (indeed the dissenters below, whose point of view is now accepted, conceded), that in terms of the policies upon which the No-Fault Insurance Law was based the award of first-party benefits to petitioner is aberrational, for the holding now made means that the number of persons owning uninsured vehicles who can collect first-party benefits under one insurance policy is limited only by the number of persons related to the policyholder who can be found to be regular residents of the policyholder’s household. To provide first-party benefits to the owner of a vehicle who fails to insure at all because he happens to be related to and reside in the household of an automobile owner who has insured a separate vehicle is so contrary to the accepted principles of insurance upon which no-fault is grounded that the Legislature, had the issue been brought to its attention, clearly would have specifically excluded it.
Based on the unreasonableness of the result, the policies underlying enactment of the No-Fault Insurance Law, and the powers granted the Superintendent by section 21 of the Insurance Law to interpret the statute in terms of the policies upon which its enactment was based, I would, therefore, have no difficulty voting to affirm had the accident in which petitioner was involved occurred prior to December 1, 1977, the effective date of chapter 892 of the Laws of 1977. However by the amendment, enacted by that chapter, of subdivision 1 of section 672 of the Insurance Law to exclude from eligibility for first-party benefits “occupants of a motorcycle” who otherwise were eligible for such benefits (because the statutory definition of motor vehicle excluded motorcycles), the Legislature has, in effect, interpreted the exclusions spelled out in the statute as a limitation upon the Superintendent’s power, through interpretation of the statute in light of its policy, to imply additional exclusions. That fact and the rule enunciated by us in Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451, 459) constrain me to join my colleagues in voting for reversal. I write not only to give the reasons for my vote but in order to suggest to the Superintendent and the Legislature the desirability of prompt amendment of the law to make clear that in the future first-party benefits need *1045 be paid only for loss arising out of the use or operation of an uninsured motor vehicle not owned by the recipient of the first-party benefits.
Order reversed, etc.