■ In the Matter of MARY R. O'DONOGHUE, Respondent, v BOARD OF EXAMINERS OF NURSING HOME ADMINISTRATORS, Appellant, et al., Respondent. — Appeal, by permission, from an order of the Supreme Court at Special Term (Klein, J.), entered August 26, 1980 in Albany County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, (1) declared that completion of any of the alternatives set forth in section 2896-c (subd 1, par [d]) of the Public Health Law would meet the requirement for entrance to the examination for licensing as a nursing home administrator, and (2) ordered that a trial be held to ascertain whether petitioner met any of the alternate statutory criteria. Petitioner, a college graduate with a master's degree in health care administration, had been employed since 1972 by a nursing home in Queens as assistant personnel director and administrator of the employee benefits program when, in August of 1978, she submitted an application to the Board of Examiners of Nursing Home Administrators to sit for a State examination for licensed nursing home administrators. The board rejected her application three times on the ground that she did not satisfy the experience requirement to. sit for the examination as contained in 10 NYCRR 96.8 (a) (9), and, consequently, she commenced the instant article 78 proceeding wherein she sought an order overturning the board's ruling and directing that she be allowed to sit for the examination. At Special Term, the court declared that completion of any of the alternatives set forth in section 2896-c (subd 1, par [d]) of the Public Health Law met the requirement for admission to the subject examination and ruled that the board's regulations were at variance with the clear dictates of the statute, and were, therefore, invalid, insofar as they provided that an applicant could not be admitted to the examination without at least a minimum of nine months' field experience in a program and facility approved by the board (see 10 NYCRR 96.8 [a] [9]). The court further held that the case should be remanded to a Trial Term for a determination as to whether or not petitioner had fulfilled any of the alternate statutory criteria contained in section 2896-c. Respondents' subsequent motion for leave to appeal Special Term's order was granted by a Justice of this court. We hold that the invalidation of 10 NYCRR 96.8 (a) (9) must be reversed. The statute at issue provides, in pertinent part, that an applicant for the examination in question should be admitted thereto if, *inter alia,* the applicant: "has satisfactorily completed a course of study in the field of institutional administration approved by the board or in a school licensed by the State department of education as maintaining a satisfactory standard, or an equivalent combination of instruction, training or experience as determined by the board, or the equivalent of such a course of study in a college as determined by the State department of education (Public Health Law, § 2896-c, subd 1)." Special Term construed this quoted language to mean that an applicant could satisfy the

requirements for admission to the examination strictly through education, i.e., completion of an approved course of study or its equivalent without any field experience, or, in the alternative, through an equivalent combination of instruction, training or experience as determined by the board, and it further held that the board's contrary interpretation of the statute, as evidenced by 10 NYCRR 96.8 (a) (9) which it promulgated, contravened the statute and was, therefore, invalid. We cannot agree. Pursuant to section 2896-b (subd 1, par [a]) of the Public Health Law, the board is given discretionary authority to adopt standards for courses of study for licensed nursing home administrators, and acting under this statutory grant of power, the board adopted 10 NYCRR 96.8 (a) (9) which requires, in effect, that any approved course of study for admission to the examination for licensed nursing home administrators must include at least nine months' field experience. In our judgment, there is nothing irrational or unreasonable about a rule such as this which mandates that a limited period of field experience be included in all approved courses of study. Moreover, this requirement does not contravene or run counter to the clear wording of section 2896-c. As a reading of subdivision 2 of that statute reveals, the Legislature has treated educational qualifications and field experience in a similar manner and provided that either can qualify as the equivalent of an approved course of study. Such being the case, this subdivision provides a concrete indication that the minimum nine months' experience requirement can reasonably be included as a requirement in all approved courses of study and that it is not inconsistent with the legislative intent of section 2896-c. Under these circumstances, it has not been demonstrated that 10 NYCRR 96.8 (a) (9) is at variance with section 2896-c, and the board's adoption of that rule constituted a reasonable exercise of its discretion which should not be disturbed (cf. *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451). Lastly, it should be noted that a substantial factual dispute remains as to whether or not petitioner has fulfilled the requirements for admission to the subject examination. Accordingly, pursuant to CPLR 7804 (subd [h]), a trial to resolve this question should be held with the understanding that petitioner must satisfy the requirements of section 2896-c as more fully developed by 10 NYCRR 96.8 (a) (9). Order modified, on the law, by reversing so much thereof as held 10 NYCRR 96.8 (a) (9) to be invalid and by remitting the matter for trial in accordance with this decision, and, as so modified, affirmed, without costs. Mahoney, P.J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.