■ In the Matter of the VIGUERIE COMPANY, Appellant, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. — Judgment of the Supreme Court, New York County (Ryp, J.), dated July 21, 1982, and entered on December 9, 1982, is unanimously modified, on the law, to strike the second decretal paragraph therefrom and to substitute in place thereof that the petition is dismissed and is otherwise affirmed, without costs. In this CPLR

article 78 proceeding the petitioner-appellant sought a declaration that the respondent Secretary of State acted in excess of his authority and failed to perform a duty enjoined upon him by law, in failing to register petitioner as a professional fund raiser, pursuant to article 7-A of the Executive Law. Special Term held that because there had been no final administrative determination, i.e., no final rejection by the Secretary of State of the petitioner's application for registration as a professional fund raiser, the proceeding was premature. Special Term therefore dismissed the petition "without prejudice to its renewal in the event of an adverse final administrative determination by the respondent." Under the circumstances of this case, as presented to Special Term the proceeding was "ripe for determination" and the merits of the issue presented in the petition should have been addressed. Examining the merits, we hold that the determination by the Secretary of State that petitioner is required to complete fully a professional fund raiser's registration statement by disclosing the names and addresses of the charitable, religious or other nonprofit organizations that are under contract with petitioner for fund raising other than political parties, political organizations, candidates, or committees in their support, as required by article 7-A of the Executive Law, is neither unreasonable, arbitrary nor capricious, and is founded upon a rational basis. The Secretary of State is charged by law with the enforcement of the provisions of article 7-A of the Executive Law, in the exercise of the State's police power, to prevent fraud and safeguard the public welfare in respect to charitable solicitations and the activities of professional fund raisers. The secretary has determined that in order to discharge his responsibilities, the registration statement filed by a professional fund raiser should disclose the names and addresses of the charitable, religious or other nonprofit organizations that are under contract with it, except those that are political parties, political organizations, candidates or committees in support of such candidates. As had repeatedly been held by our courts: "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld." (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459.) Concur — Sullivan, J. P., Ross, Bloom and Alexander, JJ.