Jasen, J.
(dissenting). Since I conclude that the respondent failed to offer substantial evidence to demonstrate a rational basis for its method of determining petitioner’s 1980 Medicaid reimbursement, I respectfully dissent.
After determining that petitioner made a good-faith effort to place patients no longer requiring acute nursing care into less intensive care facilities but were unable to do so due to a shortage of available beds in such facilities, respondent adjusted petitioner’s average length of stay standard to reflect the elimination of alternate care days. However, respondent then applied a reduced one-half day length of stay corridor, as opposed to the one-day corridor set forth in its own regulations, in computing petitioner’s 1980 reimbursement rate. This resulted in petitioner being denied reimbursement for a substantial amount of services actually rendered.
Neither the 1980 methodology published by the Office of Health Systems Management nor any statutes or regulations authorized respondent to use such a method of calculating a hospital’s rate of reimbursement. Moreover, respondent’s own regulation required that a one-day corridor be applied. (10 NYCRR 86-1.14 [c], now 86-1.14 [d].)
In response to petitioner’s challenge to the assigned rate, respondent offered no substantial evidence demonstrating the way in which it arrived at the one-half day corridor figure. This alone is sufficient to require that the determi *875 nation be set aside. (Matter of Jewish Mem. Hosp. v Whalen, 47 NY2d 331, 343.) Additionally, the record is devoid of facts indicating that the methodology employed here was used in computing rates for other facilities. Moreover, no evidence was introduced by respondent to show that its method of calculating petitioner’s rate was designed to or actually did standardize reimbursement rate assignments to hospitals on a State-wide basis.
It can only be inferred, therefore, that respondent engaged in nothing more than a retroactive application of its amended 1981 regulations which provide for the application of a one-half day corridor. Since this was arbitrary, capricious and irrational, the order of the Appellate Division should be reversed. (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451.)
Order affirmed, etc.