■ In the Matter of the Claim of JACQUELINE LEEDS, Respondent, v COUNTY OF WESTCHESTER et al., Appellants, and VILLAGE OF BUCHANAN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 30, 1982, which ruled that respondents County of Westchester and Liberty Mutual Insurance Company are liable for claimant's awarded benefits. ¶ Claimant was employed as a police officer by respondent County of Westchester. On August 5, 1979, she was assigned, at the request of the Mayor of the Village of Buchanan, to assist the Buchanan Police Department in controlling an anti-nuclear demonstration at the Indian Point Nuclear Power Plant. While on duty, claimant injured her back when she assisted another officer in lifting a demonstrator who had thrown herself to the floor. As a result of this injury, claimant was unable to work from August, 1979 until June, 1981. ¶ At issue on this appeal is the question of which municipal entity (and its insurer) is liable for claimant's workers' compensation benefits: the county, as her general employer, or the village, her special employer at the time of the injury. The board reversed the administrative law judge's ruling that the Village of Buchanan was liable for the claim and held that the County of Westchester was liable. We reverse. In so doing, we note that our decision involves "pure statutory reading and analysis, dependent only on an accurate apprehension of legislative intent" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459), rather than on a determination of matters requiring the expertise of the board. Hence, we are enabled to proceed without the usual weight being accorded to the board's decision (*id.*). ¶ Dispositive of this matter is subdivision 5 of section 209-m of the General Municipal Law. It provides that: "The local government receiving police aid pursuant to this section shall assume the liability *for all damages* arising out of any act performed in rendering such aid and *shall reimburse the assisting local government for any moneys paid by it* for salaries or *for other expenses*" (emphasis added). The quoted language clearly indicates that the entire financial burden ("liability for all damages" and "other expenses") which may arise out of the compliance with the request for assistance shall fall on the municipality receiving such aid. This conclusion is supported by the legislative history (see Memorandum of New York State Office for Local Government, Governor's Bill Jacket, L 1965, ch 989; see, also, 1981 Atty Gen [Inf Opns] 264). Accordingly, the village's liability for claimant's compensation is plain. ¶ We are unpersuaded by the village's argument that the Laws of 1962 (ch 886, § 1, as amd) requires a contrary result. That section states that whenever a police officer employed by a municipal government is injured in the line of duty, no matter where such injury occurs, his benefits shall be the same as they would have been had he been injured within the geographical limits of the employing municipality. The legislative purpose of that statute was to ensure that benefits would be given to an officer even though he was injured while working outside his local jurisdiction (Memorandum of Sponsor, Governor's Bill Jacket, L 1962, ch 886). Therefore, the section answers the question of *whether* an officer in these circumstances will be paid. It does not speak to the issue of which municipality under these circumstances will be liable for such payments. Clearly, there is no conflict between the provisions of the Laws of

1962 (ch 886, § 1) and section 209-m of the General Municipal Law, which does speak to the issue of liability and which, as noted above, imposes liability on the village. ¶ Decision modified, by reversing so much thereof as modified the decision of the administrative law judge; respondents Village of Buchanan and United States Fidelity & Guaranty Company are liable for those benefits awarded claimant, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.