OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed, with $10 costs, and stay vacated.
A more detailed background of this case can be found in the opinion of the court below. In brief, this case involves the issue of whether buildings designed and intended to be used as two-family homes (private dwellings) can be unilaterally converted to multiple dwellings for single room occupants.
Administrative Code of the City of New York § D26-33.07 (a) prohibits the creation of a "rooming unit” if it was not so created or classified prior to April 30, 1956 in a "tenement, converted dwelling or private dwelling”. The buildings in question were designed and intended to be used as two-family homes and therefore are considered as a "private dwelling” under the code (Administrative Code § D26-1.07 [a] [6]). As such, they may not be converted into rooming houses accommodating 16 to 18 separate tenants. That there is a housing shortage is not disputed by this court but courts should not attempt to legislate a solution especially where it creates a potentially hazardous situation. The construction of a statute by the administrative agency charged with administering same is entitled to great weight and deference so long as that construction is consistent with the statutory mandate and follows the policy that the Legislature sought to implement (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451; see also, United States v Clark, 454 US 555; Federal Election Commn. v Democratic Senatorial Campaign Comm., 454 US 27). The construction of DHPD is consistent with the legislative intent expressed at the time of the enactment of the code provision and is especially timely in light of the fatal fire in one of the buildings in question.
In examining the record before us, this court cannot avoid mention of the fact that the trial court exalted and legitimized illegal conversions by landlords to overcrowded residences *628 without any consideration for the ensuing danger to life and health. Through perverse logic, the trial court condoned this unspeakable greed without fully comprehending the consequences of its act.
Monteleone and Lerner, JJ., concur; Kassoff, J. P., taking no part.