[615 NYS2d 90]

In the Matter of DONAL A. MEYERS et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, July 28, 1994

## APPEARANCES OF COUNSEL

*Donal A. Meyers,* Katonah, petitioner *pro se.*

*G. Oliver Koppell, Attorney-General,* Albany *(Patrick Barnett-Mulligan* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

## OPINION OF THE COURT

CASEY, J.

At issue in this proceeding is whether respondent Tax Appeals Tribunal (hereinafter respondent) properly determined that petitioners were not entitled to a hearing before paying the additions to tax imposed upon them pursuant to Tax Law § 685 (c) for the underpayment and late payment of estimated income taxes. Petitioners contend that they are entitled to a hearing pursuant to Tax Law § 2006 (4) because nothing in the Tax Law specifically provides for, modifies or denies their right to a hearing in these circumstances. Respondent determined that the Tax Law specifically authorizes the imposition of the additions to tax by means of a notice and demand and that no hearing is provided for by the Tax Law when additions to tax are imposed by notice and demand.

Tax Law § 2006 (4) imposes upon respondent the duty "[t]o provide a hearing as a matter of right, to any petitioner upon such petitioner's request * * * unless a right to such a hearing is specifically provided for, modified or denied by another provision of this chapter". We agree with petitioners that the hearing required by Tax Law § 2006 (4) is a prepayment hearing. Requiring the taxpayer to first pay the tax and then file a claim for a refund imposes conditions on the taxpayer's entitlement to a hearing, a hearing which the statute requires as a matter of right upon request. It is undisputed that no other provision of the Tax Law provides for such a hearing in the circumstances of this case. Nor is there any other provision which expressly denies or modifies the right to a hearing before the payment of additions to tax imposed pursuant to Tax Law § 685 (c). Nevertheless, respondent argues that by authorizing collection of the additions to tax by means of a notice and demand which does not confer hearing rights on the taxpayer, the Legislature made an exception to the gen-

eral right to a hearing conferred by Tax Law § 2006. We reject respondent's argument.

Our analysis begins with the recognition of two general principles. First, when "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Second, any "ambiguity in the statutory scheme * * * must be construed most strongly in favor of the taxpayer and against the government" *(Fairland Amusements v State Tax Commn.,* 66 NY2d 932, 934).

Respondent contends that the only provision for a prepayment hearing in Tax Law article 22 is contained in Tax Law § 689 (b), which authorizes a taxpayer to file a petition for redetermination of a deficiency within a set period of time after the mailing of the notice of deficiency authorized by Tax Law § 681. Pursuant to Tax Law § 681, a notice of deficiency is, with certain exceptions, the device to be used when it is determined that there is a deficiency of income tax. The notice of deficiency is a condition precedent to the assessment and collection of a deficiency *(see,* Tax Law § 681 [c]). Pursuant to Tax Law § 685 *(l),* additions to tax provided for in Tax Law § 685 are to be assessed, collected and paid in the same manner as taxes, which means that the notice of deficiency required by Tax Law § 681 must be used. Tax Law § 685 *(l),* however, specifically provides that "[f]or purposes of [Tax Law § 681], this subsection shall not apply to * * * (2) any addition to tax under subsection (c)". Thus, according to respondent, the notice of deficiency provisions of Tax Law § 681 are not applicable to the additions to tax imposed pursuant to Tax Law § 685 (c).

Respondent further argues that because the notice of deficiency provisions are inapplicable, there is no right to petition for a redetermination pursuant to Tax Law § 689 (b) and the additions to tax can immediately be collected by service of the notice and demand authorized by Tax Law § 692 (b). Recognizing that the notice and demand applies only to an addition to tax "which has been assessed but remains unpaid" (Tax Law § 692 [b]), respondent argues that the addition to tax at issue here was "self-assessed" at the time the return was filed, because the amount of the addition to tax imposed for late payment or underpayment of estimated taxes can be ascer-

tained by information contained in the return itself *(see,* Tax Law § 682 [a]).

Regardless of the validity of respondent's analysis, we conclude that it does not resolve the issue of petitioners' entitlement to a hearing. At best, respondent's analysis establishes that the provisions of Tax Law article 22, which relate to income taxes, do not give petitioners a right to a prepayment hearing. Tax Law article 40, however, specifically provides for "hearings as prescribed pursuant to this chapter or as a matter of right where the right to a hearing is not specifically provided for, modified or denied" (Tax Law § 2000). Consistent with this policy, Tax Law § 2006 (4) establishes a hearing as a matter of right upon request, "unless a right to such a hearing is specifically provided for, modified or denied by another provision of [the Tax Law]". Respondent's analysis may establish that a right to such a hearing is not specifically provided for by another provision of the Tax Law, but it falls far short of establishing that the right to such a hearing is specifically modified or denied by another provision of the Tax Law. We conclude, therefore, that because the right to a prepayment hearing in the circumstances of this case is not specifically provided for, modified or denied by any other provision of the Tax Law, petitioners have the right to such a hearing pursuant to Tax Law § 2006 (4).

CARDONA, P. J., MERCURE, YESAWICH JR. and PETERS, JJ., concur.

Adjudged that the determination is annulled, with costs, and petition granted to the extent that it seeks the hearing required by Tax Law § 2006 (4).