■ NEW YORK AUTOMOBILE INSURANCE PLAN, Appellant, v NEW YORK SCHOOLS INSURANCE RECIPROCAL, Respondent. [692 NYS2d 49] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about July 6, 1998, which denied plaintiff's motion for summary judgment enjoining defendant from refusing to accept assigned risks from plaintiff and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although it is true that article 53 of the Insurance Law requires all insurers licensed to write motor vehicle insurance to participate in an assigned risk plan (Insurance Law § 5301), article 61 of the Insurance Law, as amended to permit and govern the formation and administration of municipal reciprocal insurers, provides in relevant part that such insurers, while generally subject to the provisions of the Insurance Law, are to be exempted from such provisions "where the context otherwise requires" (Insurance Law § 6114 [a]). We agree with the motion court that compelling municipal reciprocal insurers to accept risks assigned by plaintiff would result in the contraven-

tion of numerous provisions of article 61 of the Insurance Law specifically applicable to municipal reciprocal insurers: they would be forced to accept non-municipal members in violation of Insurance Law § 6102 (b); members assigned by plaintiff would in all likelihood be incapable of complying with the financial and reporting requirements of Insurance Law §§ 6104, 6105 and 6109; and the assigned insureds, participating as insureds only and not also as insurers of their co-members, would assume none of the reciprocal obligations essential to the concept and, indeed, practical efficacy of reciprocal insurance. This context, in which articles 53 and 61 of the Insurance Law are placed in irreconcilable conflict unless an exception to the general mandate of article 53 is made, argues forcefully for placing the exception claimed by defendant within the scope of the intended authorization of the language of Insurance Law § 6114 (a). Where, as here, the Legislature has made the basic determination as to the extent of a statutory mandate and as to the nature of the limitations upon that mandate, it is not for an administrative agency to countermand the Legislature's intent (*see, Matter of Union Indem. Ins. Co.*, 92 NY2d 107, 115; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459; *see also, Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669). Finally, plaintiff's newly advanced claim, that there is no conflict between articles 53 and 61 justifying invocation of the exception claimed by defendant since compliance with article 53's mandate may be achieved by means other than defendant's acceptance of individual assignments, is not preserved for our review. Without ruling upon the claim, however, we would observe that these belatedly advanced alternative compliance mechanisms do not appear to obviate the fundamental difficulty of reconciling the strictures of article 61 with the mandate of article 53. Even if defendant could comply with article 53 without accepting assignment of individual risks from plaintiff, such compliance would apparently still be in contravention of article 61 since defendant would be insuring, albeit by indirection, non-municipal risks and would be compelled to do so without reciprocity on the part of the insured. Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.