[770 NYS2d 180]

In the Matter of County of Orange, Appellant, v New York State Division of Criminal Justice Services et al., Respondents.

Third Department, December 24, 2003

## APPEARANCES OF COUNSEL

*Catherine M. Bartlett, County Attorney*, Goshen (*Laura Matlow* of counsel), for appellant.

*Eliot Spitzer, Attorney General*, Albany (*Robert M. Goldfarb* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

Petitioner employs a number of full-time probation officers, all of whom qualify as "peace officers" (*see* CPL 2.10 [24]). Pursuant to a 1991 amendment to CPL 2.30, employers of peace officers must provide a "course of training in the use of deadly physical force and firearms and other weapons . . . not later than six months from the date on which the officer was appointed, where the officer is authorized to carry a weapon pursuant to law" (L 1991, ch 474, § 1). Because petitioner's Probation Department prohibits peace officers from carrying or possessing firearms or other deadly weapons, petitioner has not provided its officers with any training in the use of those weapons. Nevertheless, after providing other relevant training, petitioner requested that respondent Division of Criminal Justice Services (hereinafter DCJS), which has the responsibility of awarding certificates to peace officers who have satisfactorily completed the required training (*see* CPL 2.30 [1]), issue peace officer certificates for 21 probation officers.[1] DCJS refused to issue the certificates on the ground that the probation officers had not completed the weapons training required by CPL 2.30, reasoning that the requirement applies regardless of whether the employer permits officers to carry or possess firearms and deadly weapons.

Petitioner thereafter commenced this CPLR article 78 proceeding and declaratory judgment action challenging DCJS's determination. Petitioner sought an order compelling respondents to issue peace officer certificates and a declaration that it is not required to provide firearms training to its probation officers. Supreme Court dismissed the petition and petitioner now

---

1. No individual appointed as a peace officer may exercise the powers of a peace officer unless he or she has received this certification within 12 months of appointment (*see* CPL 2.30 [1]).

appeals, asserting that the firearms training requirement in CPL 2.30 applies only where employers have authorized the peace officers to carry and use a weapon while on duty. We disagree.

As an initial matter, although DCJS is charged with awarding certificates to peace officers who have completed the training requirements set forth in CPL 2.30, the question of *which* peace officers must undertake the training presents a question of " 'pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent' " (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231 [1996], quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). While DCJS's interpretation is not entitled to deference, however, we agree with DCJS that the training requirement applies to all peace officers statutorily authorized to carry weapons even where the employer forbids the officers to carry such weapons.

As amended, the statute provides that a peace officer's employer must provide training in the use of firearms and other weapons within six months of the officer's appointment "where the officer is authorized to carry a weapon *pursuant to law*" (CPL 2.30 [1] [emphasis added]). There is no dispute that probation officers, unlike certain other peace officers (*see e.g.* CPL 2.10 [4], [7-a], [8]), are authorized to carry firearms under Penal Law § 265.20 (1) (c) and CPL 2.10 (24). Thus, we agree with respondents that, on its face, the statute mandates that petitioner provide firearms training within the applicable time frame to the probation officers it employs, regardless of whether petitioner permits those officers to carry or use a weapon (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 2.30, at 89). We reject petitioner's argument that the phrase "authorized to carry a weapon pursuant to law" is ambiguous and can be construed as meaning authorized by the employer, as a matter of policy, to carry a weapon. We note that Department of Probation and Correctional Alternatives regulations do permit employers to make this policy choice (*see* 9 NYCRR 355.3 [a], [f]). Although such a policy decision may be legally permissible, however, the decision itself is made as a matter of discretion only, not as a matter of law, and may be changed at any time.[2]

---

2. We note that petitioner's policy prohibited its employees from carrying firearms while on duty *"except when required or authorized by the Director of*

A review of the legislative history supports our conclusion that employers must provide firearms training to all peace officers, including those who are not permitted to carry or use weapons during the course of their official duties. A letter from a sponsor of the bill, Senator Donald Halperin, indicates that the purpose of the amendment was "to clarify the fact that it is the employer's responsibility to train their employees in the use of firearms when those employees are *statutorily authorized to carry a firearm*" (Letter from Sponsor, Bill Jacket, L 1991, ch 474, at 6 [emphasis added]; *see* Sponsor's Mem, Bill Jacket, L 1991, ch 474, at 7). The legislative history also reflects a concern that the prior version of the statute did not prohibit an untrained peace officer from carrying a firearm while *off duty* even where an employer did not permit an employee to carry or use a weapon while on duty and, thus, was not required to provide training (Letter from Glenn Valle, July 17, 1991, Bill Jacket, L 1991, ch 474, at 16; Letter from Dept of Correctional Servs, Bill Jacket, L 1991, ch 474, at 18-19). Put another way, under the prior version of the statute, a loophole existed—an employer was required to provide training only if it authorized peace officers to carry weapons while on duty. Those peace officers, however, were statutorily authorized to carry weapons while off duty (*see* Penal Law § 265.20 [a] [1] [c]) regardless of whether training had been provided.[3]

In this regard, both prior and subsequent to its 1991 amendment, CPL 2.30 (1) provided that *"[w]here an employer has authorized* a peace officer to carry or use a weapon during any phase of the officer's official duties, which constitutes on-duty employment, the program shall include the same number of hours of instruction in deadly physical force and the use of firearms and other weapons as is required in the basic training program for police officers by the municipal police training council" (CPL 2.30 [1] [emphasis added]). The statute also contains another provision prohibiting an employer from allowing an officer to carry or use a weapon while on duty unless training has been completed. We conclude that the legislative

---

*the Orange County Probation Department"* (emphasis added), further underscoring the fact that this policy decision is subject to alteration at any time.

**3.** Although petitioner's policy states that "[n]o employee is authorized to purchase or possess a firearm while off duty by virtue of [his or her] peace officer status," any peace officers that it employs remain legally exempt from licensing requirements and weapons charges (*see* Penal Law § 265.20 [a] [1] [c]).

history of the amendment reflects an intent to further ensure public safety by requiring that all peace officers would receive the specified training regardless of whether their employer authorized the use of weapons under the prior version of the statute. To the extent that these two earlier provisions can be read to conflict with the 1991 amendment—i.e., the earlier provisions refer to an *employer* authorizing a peace officer to carry a weapon, while the amendment applies to peace officers authorized *by law* to carry weapons—"the original [act] must be deemed to have been repealed by the amendment" (McKinney's Cons Laws of NY, Book 1, Statutes § 192, at 356).

In sum, both the language of the statute and the legislative history support respondents' argument that the statutory requirement applies to all peace officers regardless of their employer's policies with respect to the use of weapons. Accordingly, DCJS's refusal to issue the certificates cannot be deemed arbitrary and capricious and Supreme Court properly dismissed the petition.

CARDONA, P.J., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by declaring that petitioner is required to provide firearms training to its probation officers as a condition precedent to the issuance of a peace officer certificate, and, as so modified, affirmed.