■ In the Matter of CHRISTOPHER GRIMM, Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [773 NYS2d 17]—

Judgment, Supreme Court, New York County (Marcy Friedman, J.), entered January 4, 2002, which granted the petition

and annulled the order of respondent State of New York Division of Housing and Community Renewal, dated August 10, 2000, to the extent that such order held the prior owner of the subject building solely responsible for rent overcharges, unanimously reversed, on the law, without costs, the petition denied, the proceeding dismissed and the determination confirmed.

Petitioner Christopher Grimm filed a rent overcharge complaint with respondent State of New York Division of Housing and Community Renewal (DHCR) with regard to rent stabilized apartment 4E in the building designated as 136 West 109th Street, New York, New York. DHCR forwarded the complaint to Dartmoor Realty (Dartmoor), the interim managing agent hired by the court-appointed receiver that was in possession of the building at that time. The receiver subsequently informed the DHCR of the receivership and that Dartmoor, as the receiver's agent, could not be held liable for a willful overcharge. The receiver also noted that Dartmoor, despite requesting all tenant information from the previous owner's managing agent, had not received complete rental histories for all of the tenants and further surmised that petitioner was probably a subtenant.

The building was thereafter sold at a foreclosure sale to Prime Realty/136-140 West 109th Partners, L.P. (Prime Realty), which, in response to various requests for information, forwarded three letters to the DHCR explaining, inter alia, that it was a judicial sale purchaser, that the petitioner was a subtenant for at least two years of his tenancy and as a result, the prior tenant should be held responsible for any overcharge, and that all improvements made to the apartment were done by the previous owner. In its final letter, Prime Realty again asserted that as a judicial sale purchaser, it was not responsible for overcharges collected by the prior owner and, in support of that argument, quoted the following relevant portion of Rent Stabilization Code [9 NYCRR] § 2526.1 (f) (2): "[I]n the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale . . . an owner who purchases upon or subsequent to such sale shall not be liable for overcharges collected by any owner prior to such sale, and treble damages upon overcharges that he or she collects which result from overcharges collected by any owner prior to such sale."

Initially, the Rent Administrator determined that there was no overcharge and petitioner filed a petition for administrative review (PAR). DHCR's Deputy Commissioner subsequently

granted the PAR and awarded petitioner a rent overcharge of $6,812.12. The Deputy Commissioner found that there had been an illusory prime tenancy when petitioner took occupancy and concluded that: "[i]t is noted that the prior owner is responsible for the refund of the entire overcharge as the current owner . . . purchased the subject premises . . . in a foreclosure proceeding and has no liability for the overcharges pursuant to Section 2526.1 (f) (2) of the Rent Stabilization Code."

Petitioner commenced this article 78 proceeding challenging only that portion of the PAR which held the prior owner solely responsible for the overcharge. Supreme Court granted the petition, annulled that part of the DHCR determination which provided that the prior owner was responsible for the entire overcharge refund, and remanded the matter to the DHCR. The DHCR appeals and we now reverse.

It is well established that in those cases where the interpretation of a statute involves a specialized " 'knowledge and understanding of underlying operational practices or *entails an evaluation of factual data and inferences to be drawn therefrom,' the courts should defer to the administrative agency's interpretation unless irrational and unreasonable*" (*Matter of Dworman v New York State Div. of Hous. & Community Renewal,* 94 NY2d 359, 371 [1999], quoting *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459 [1980] [emphasis added]; *see also Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal,* 283 AD2d 284, 286 [2001]).

It is clear from a reading of the statute that in order to qualify for the exemption for carryover liability on rent overcharges, the current owner must be a judicial sale purchaser and "no records sufficient to establish the legal regulated rent were provided at [the] judicial sale." (Rent Stabilization Code § 2526.1 [f] [2] [i]; *see also Matter of Gaines v New York State Div. of Hous. & Community Renewal,* 90 NY2d 545 [1997].)

In *Gaines,* the Court of Appeals noted that the exemption for carryover liability was judicially imposed prior to the enactment of the statute, and opined that the grounds for such exemption were twofold: "(1) that it was inequitable to impose carryover liability in the context of a judicially ordered sale, because the debtor/owner would have no incentive to furnish records to the purchaser; and (2) imposing such liability on judicial sale purchasers would have an adverse impact on marketability in such sales" (*id.* at 549).

In this matter, there is no dispute that Prime Realty purchased the building at a judicially ordered sale. Moreover, we do not find the DHCR's conclusion that adequate rental records were

unavailable at the judicial sale, to be either irrational, or unreasonable, given the Deputy Commissioner's finding that the previous owner had created an illusory tenancy, based on falsified records, in order to collect an inflated rent, and that the receiver, prior to the judicial sale, had protested to the DHCR that complete rental histories were not made available by the prior owner.

To the extent that Supreme Court found that the DHCR's final determination did not properly address the requirements of the statute, we reject that conclusion as the agency's determination specifically refers to the statute, the fact that Prime Realty is a judicial purchaser, the illusory tenancy, and the false rent records provided by the prior owner. Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.