■ Knickerbocker Village Tenants Association et al., Respondents, v Judith A. Calogero, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent, and Knickerbocker Village, Inc., Appellant. [844 NYS2d 42]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 31, 2006, which, to the extent appealed from as limited by the briefs, granted the petition to annul respondent Commissioner's determination dissolving Knickerbocker Village (KV), withdrawing it from regulation, and transferring the property to a private entity, unanimously affirmed, without costs.

KV is a limited dividend housing company, organized in 1934 pursuant to the State Housing Law of 1926, and is currently subject to article 4 of the Private Housing Finance Law, under the supervision of respondent Division of Housing and Community Renewal (DHCR). The 1,590 apartments in this development provide housing to persons of low income. KV applied to DHCR for consent to dissolve, deregulate and transfer its property to a private entity, namely, its sole shareholder. The Commissioner, in a consent decree on January 13, 2006, granted KV's application and imposed several conditions upon dissolution, including that the apartments would be subject to the Rent Stabilization Law. Supreme Court, upon petitioners' application to annul that determination, found the Commissioner lacked the statutory authority to permit the transfer of the real property to a private entity, ruling that the Commissioner may consent to dissolution, but that transfer of title is limited to either the City of New York or another "limited dividend" housing company.

Since the question involved in this dispute is one of pure statutory reading and analysis, dependent only on an accurate apprehension of the legislative intent, there is little basis for reliance on any special competence or expertise of the administrative agency; accordingly, the court may undertake the function of statutory interpretation without any deference to the agency's determination (*Seittelman v Sabol*, 91 NY2d 618, 625 [1998]; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]).

Section 82 of the Private Housing Finance Law, introduced in 1962, sets forth restrictions imposed on limited dividend housing companies. One of those restrictions (§ 82 [12]) is that the company cannot voluntarily dissolve without first obtaining the consent of the Commissioner. Although, as KV contends,

subdivision (12) does not explicitly state what is to become of the real property upon dissolution, subdivision (2) of section 82 clearly provides that no housing company shall sell, exchange, transfer or assign any real property except to a municipality (solely for public purposes) or, with the written consent of the Commissioner, to another limited dividend housing company. Accordingly, reading the statute as a whole, this real property cannot be transferred to a private entity upon dissolution.

We have considered KV's remaining contentions and find them without merit. Concur—Lippman, P.J., Andrias, Williams and Kavanagh, JJ. [*See* 13 Misc 3d 755.]