In the Matter of City of New York, Appellant, v Antonia C. Novello, as Commissioner of the New York State Department of Health, et al., Respondents. [910 NYS2d 54]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered January 9, 2008, dismissing this CPLR article 78 proceeding challenging respondents' authority to include in the State's calculation of the City's base-year medical assistance expenditures under the Local Share Cap a prorated portion of the amount by which the City failed to meet its home care savings target, unanimously affirmed, without costs.

In 2005, the State enacted the "Local Share Cap," which places a maximum limit on the amount each local social services district has to pay in Medicaid expenses in a given year, with the excess to be borne by the State (L 2005, ch 58, part C, § 1 [b]). Under this enactment, the State must calculate base year expenditures "based on actual expenditures made by or on behalf of social services districts" during the base year of 2005.

The prior law, which expired on March 31, 2006, provided for a target method to compel local districts to reduce the cost of home health care primarily funded by the State (L 2004, ch 58, part C, § 8). Under the Home Care Savings Target Law, if a local district failed to meet the savings target, the State was empowered to "intercept" home health care service payments and other payments to the district in an amount "sufficient to reimburse the state for [the amount the district exceeded] the savings target" (id., extending what was first enacted as L 1997, ch 433, § 36 [6]).

In the instant case, on June 27, 2006, the Department of Health informed the City that unlike in the past, where a district's home care expenditures in excess of its target had resulted in an interception of the lost savings amount during a weekly Medicaid local share payment, with respect to the fiscal year 2005-2006 the City's lost savings would not be intercepted, but rather included in the 2005 base-year calculation to develop the City's Local Share Cap.

The City brought this article 78 proceeding challenging the Department of Health's inclusion of the 2005-2006 unmet home care savings as an expenditure in its calculation of the City's base-year expenditures for purposes of the Local Share Cap, arguing that this exceeded its authority under the relevant legislation.

It is not apparent from the plain language of the legislation cited above whether the Medicaid expenditures made due to the City's failure to achieve any home care savings toward its target amounts were "actual expenditures made . . . on behalf of" the City that could properly be counted toward the base year under the Local Share Cap. Indeed, the statutes in question are so opaque as to provide support for either party's position. Nevertheless, where an agency's determination is based on a detailed methodology derived from a legislative enactment, deference to that agency is warranted where the determination had a rational basis in the record, and was neither arbitrary and capricious nor affected by an error of law (*see Matter of Schlossberg v Wing*, 277 AD2d 41 [2000]). An accurate interpretation of the legislative intent in this respect could best be ascertained by relying on the Department of Health's special "knowledge and understanding of underlying operational practices" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]) in determining what constitutes expenditures made on behalf of a district. Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.