Lahtinen, J.
*1497 The Department issued notices of disallowance regarding the additional interest sought by petitioners. The Department determined that, pursuant to Tax Law former § 688, interest on an amended return was allowed from the date of filing of the amended return and not the date the original return was filed. The Administrative Law Judge (hereinafter ALJ) noted that, under the statutory language now in effect, interest on an amended return is permitted from the original filing date, but such statutory language did not become effective until January 1, 1999. Since the years in question predated the pertinent change in the statutory language, the ALJ sustained the dis-allowance. Thereafter, respondent Tax Appeals Tribunal affirmed the ALJ. This proceeding ensued.
Petitioners contend that reading Tax Law § 688 (former [a] [3]) in conjunction with Tax Law § 687 (c) establishes that they were entitled to interest from the date the original returns were filed. Initially, we note that interpreting these statutes does not implicate the specific application of a broad statutory term by the agency charged with administering the statute and, thus, deference need not be accorded the agency’s statutory interpretation (see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; cf. Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y., 77 AD3d 1080, 1082 [2010], lv denied 16 NY3d 712 [2011]). Here, “[t]he question devolves to one of pure statutory interpretation and analysis, determinable only on [an] accurate apprehension of legislative expression and intent” (Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y., 83 NY2d 240, 244 [1994], cert denied 513 US 811 [1994]; see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d at 459; Matter of Mutual Redevelopment Houses v Roth, 307 AD2d 422, 424 [2003], lv denied 100 NY2d 516 [2003]). Nonetheless, we agree with the agency’s statutory interpretation.
Tax Law § 688 is entitled “[i]nterest on overpayment.” Tax Law § 688 (a) (1) and (2) provide generally for interest to be paid from the date of overpayment. An exception to the payment of interest that was in effect for the years at issue was set forth in Tax Law § 688 (former [a] [3]) as follows: “Late and amended returns and claims for credit or refund. Notwithstanding the provisions of paragraph one or two of this subsection, in the case of an overpayment claimed on a return of tax which is filed after the last date prescribed for filing such return (determined with regard to extensions), or claimed on an *1498 amended return of tax or claimed on a claim for credit or refund, no interest shall be allowed or paid for any day before the date on which such return or claim is filed” (L 1989, ch 61, § 151 [emphasis added]). This language unambiguously provided that interest on a refund claimed in an amended return did not accrue until the amended return was filed. Further, the fact that such was the state of the law was clearly acknowledged by the Legislature when it amended Tax Law § 688 (a) (3) and (c) to permit taxpayers filing amended returns for periods after January 1, 1999 to receive interest from the date the original tax returns were filed (see L 1999, ch 377, §§ 1-3). The need for the amendment was explained as follows: “Currently, the tax law provides that no interest shall be paid on any tax overpayment for any date before a late or amended tax return is filed. An amended tax return is not the same as a tax return filed late and this difference should be realized in regard to the payment of interest on any tax overpayment .... This legislation . . . change[s] the current law by authorizing the payment of all interest accrued on a tax overpayment from the date the original tax return was filed, and in so doing, give[s] taxpayers filing an amended return the full benefit of all the interest earned on their tax overpayment” (Senate Mem in Support, 1999 McKinney’s Session Laws of NY at 1799-1800).
Tax Law § 687 (c) does not, as urged by petitioners, authorize payment of interest from the original filing date where an amended return is filed following a change in taxable income reported to the Internal Revenue Service. That statute generally addresses the limitations on credits or refunds, and Tax Law § 687 (c), in particular, addresses federal changes, stating: “A claim for credit or refund of any overpayment of tax attributable to a federal change or correction required to be reported pursuant to [Tax Law § 659] shall be filed by the taxpayer within two years from the time the notice of such change or correction or such amended return was required to be filed with the [C]ommissioner of [T]axation and [F]inance. If the report or amended return required by [Tax Law § 659] is not filed within the [90-]day period therein specified, no interest shall be payable on any claim for credit or refund of the overpayment attributable to the federal change or correction.” The language of this section serves to establish two limitation periods with regard to the filing of federal changes: first, a taxpayer must file a refund claim within two years from the time the taxpayer was required to notify respondent Commissioner of Taxation and Finance of the federal change and, second, a taxpayer must file the claim within 90 days after the change was finally determined in order to receive interest on the refund (see Tax Law § 687 *1499 [c]). Simply stated, failure to file the federal change within 90 days results in no interest, whereas filing within 90 days permits interest in the manner provided by Tax Law § 688. And, as already discussed, during the years in issue, Tax Law former § 688 did not permit interest on an amended return from the date of original filing.
Similarly unavailing is petitioners’ argument premised upon Tax Law § 688 (former [c]). That paragraph of the statute provided that refunds of overpayments paid promptly (within 45 days) did not receive interest. The paragraph was amended in the same 1999 legislation in which Tax Law § 688 (a) (3) was amended and now provides that, with regard to a refund in an amended return, no additional interest is paid from the date the amended claim is filed to the refund date if the refund payment is made within 45 days. This is not inconsistent with the other pertinent statutory language regarding interest and furnishes no support to petitioners’ current contentions regarding interest.
Petitioners’ remaining arguments have been considered and are either unpreserved or without merit.
Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.