Matter of Chiu Wing Kwok v City of N.Y. Off. of Admin. Trials & Hearings (OATH) (2024 NY Slip Op 00165)

Matter of Chiu Wing Kwok v City of N.Y. Off. of Admin. Trials & Hearings (OATH)

2024 NY Slip Op 00165

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Friedman, J.P., Kapnick, González, O'Neill Levy, JJ. 

Index No. 153712/22 Appeal No. 1208 Case No. 2022-05262 

[*1]In the Matter of Chiu Wing Kwok, Petitioner,
v
City of New York Office of Administrative Trials and Hearings (OATH), Respondent.

Law Office of Roland R. Acevedo, New York (Rolando R. Acevedo of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.

Determination of respondent Office of Administrative Trials and Hearings (OATH), dated December 16, 2021, which sustained violations of the Administrative Code of the City of New York and imposing a $240,000 penalty, unanimously modified, on the law, to reduce the penalty to $60,000 and to vacate the remainder of the penalty, and otherwise confirmed, without costs, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Lynn R. Kotler, J], entered October 13, 2022), remitted to OATH for further proceedings consistent herewith.
Substantial evidence supports the determination that petitioner, in violation of the New York City Construction Code (Administrative Code § 28-210.1), converted a residential building permitted by its certificate of occupancy to contain two dwelling units to six dwelling units (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176 [1978]). 48 RCNY 6-12(b) provides that sworn summonses are sufficient to establish Department of Building's (DOB) initial burden of proof. Although the DOB's inspector's testimony was somewhat inconsistent and confusing, it did not defeat that initial burden because the appeals board found no evidence of a dishonest character. The court must defer to the factfinder's assessment of the evidence and credibility of the witnesses (see Sewell v City of New York , 182 AD2d 469, 473 [1st Dept 1992]). Petitioner presented no evidence to defeat DOB's case.
It was also permissible for the inspector to issue four separate summonses, one for each alleged illegal unit, which appears to be the standard procedure for DOB summonses involving three or more illegal units in a building (see Kurcsics v Merchants Mut. Ins. Co. , 49 NY2d 451, 459 [1980]).
Furthermore, there is no evidence that the appeals board improperly considered evidence introduced for the first time on administrative appeal, in violation of 48 RCNY 6-19(f)(2), in its analysis.
We confirm the imposition of the standard civil penalty of $15,000 for each of the four dwelling units in excess of those permitted in the subject building's certificate of occupancy (see Administrative Code § 28-202.1[9.1]; 1 RCNY 102-01[k][table 7]). However, the record contains no evidence supporting the appeals board's imposition of an additional penalty of $45,000 for each violation, based on provisions authorizing a separate additional penalty of $1,000 for each day a violation is not corrected, up to a maximum of 45 days (see Administrative Code § 28-202.1[1]). We therefore vacate so much of the penalty as exceeds $60,000 and remand the matter to OATH for further
proceedings to determine whether grounds exist for the imposition of an additional daily penalty for any of the four violations.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024