■ In the Matter of CRAFTECH INDUSTRIES, INC., Appellant, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent. [630 NYS2d 424] —Mikoll, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered April 5, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent amending the freshwater wetlands map for Columbia County.

The issue in this CPLR article 78 proceeding is whether respondent followed administrative procedures in adjusting a wetlands boundary near petitioner's property. Petitioner contends that respondent's determination should be annulled since he failed to accord interested parties an opportunity for a public hearing before amending the wetlands map for Columbia County. It is further urged that respondent's determination was arbitrary and capricious because respondent failed (1) to show any proof that the areas to be incorporated in the wetlands amendment were actually dominated by wetlands vege-

tation, (2) to review the soil survey in delineating the wetlands boundary, and (3) to follow the mapping procedure set out in the Freshwater Wetlands Mapping Technical Methods Statement (hereinafter Statement) of the Department of Environmental Conservation (hereinafter DEC).

Petitioner is involved in the processing and manufacturing of plastic fasteners and special components. Its plant is located at Mill-North 2nd Street in the City of Hudson, Columbia County. The amendment of the eastern boundary of Columbia County Freshwater Wetland HN-2 was brought about after DEC conducted a field inspection near petitioner's property and observed a narrow channel containing wetlands vegetation. DEC ticketed petitioner for placing fill without a permit in what it believed to be a wetland. Subsequently, DEC amended the freshwater wetlands map for this area which had been filed in 1985, amended in 1988 and finalized in 1991.

DEC delineated the wetland boundary and generated a survey map which changed the wetland boundary to include the channel discovered during the field inspection. Petitioner challenged the delineation contending that it did not correspond to the boundary as shown on the wetlands map for Columbia County and that DEC could not unilaterally amend the boundary without following statutory and regulatory procedures. On December 16, 1991, DEC verified the accuracy of the wetland boundary line as depicted on the survey map.

On January 15, 1992, DEC began formal map amendment procedures to adjust the boundary of wetland HN-2 on the final freshwater wetlands map for Columbia County to reflect the additional wetland area. Notices were mailed to petitioner and other affected landowners, and published notices appeared in two area newspapers and DEC's environmental notice bulletin; these notices directed interested parties to submit written comments to the proposed amendments within 30 days.

Petitioner orally demanded a public hearing and was informed to submit written comments for DEC's consideration. Petitioner and Hudson Community Development and Planning Agency filed objections to the proposed amendment. DEC ultimately recommended the amendment in a summary of staff findings and recommendations. On October 26, 1993, based on these findings and recommendations, respondent issued a decision and order adopting the map amendment, which became effective November 17, 1993.

This Court is constrained to defer to the agency responsible for the administration of a statute when its construction and application involves the "knowledge and understanding of

underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom" (*Kurosics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459), unless such interpretation "is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231).

Addressing petitioner's contention that a public hearing was required, we conclude that DEC's decision to treat the amendment as a minor adjustment to clarify and/or correct a minor error in the boundary of wetland HN-2 is in conformity with its broad authority to readjust a final wetlands map (ECL 24-0301 [6]; *see, Matter of Wedinger v Goldberger*, 71 NY2d 428, 436, *cert denied* 488 US 850). The notice requirement which must be provided to each owner of record (*see,* ECL 24-0301 [6]; 6 NYCRR 664.7), in the instance of a minor adjustment, does not require a public hearing unless respondent determines that it is appropriate (6 NYCRR 664.7 [a] [2] [ii]). The instant amendment extended the boundary of wetland HN-2, a 650-acre area, by 200 feet, by 50 feet or 0.23 of an acre in scope. We find respondent's conclusion that a public hearing was not required regarding this minor adjustment and that written comment was sufficient to be rational and reasonable. The written procedure gave petitioner an opportunity to present its arguments against the proposal, and respondent responded to each of petitioner's arguments and concerns.

Addressing petitioner's assertion that respondent's final determination to amend was arbitrary and capricious, we note that wetlands vegetation were identified in the area in question, in a narrow channel on petitioner's property. The channel is contiguous to the previously mapped wetland HN-2. There was an abrupt demarcation between the wetlands vegetation at the bottom of the channel and the upland vegetation at the top thereof. The boundary was marked at the wetland edge at the bottom of the channel. Since boundaries of a freshwater wetland are defined as the "outer limit of the vegetation specified in [ECL 24-0107 (1) (a) & (b)]" (ECL 24-0107 [3]), the use of the obvious edge of the wetlands vegetation was appropriate. Since there was no transition zone of wetlands and upland vegetation but a sharp demarcation, no special delineation procedure was required. The memorandum of the DEC employee who personally inspected the area supplied the substantial evidence to uphold respondent's decision.

We find petitioner's final contention, that respondent was required to examine soil surveys not mandated and reject the challenge to the mapping procedure, as without merit.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.