■ In the Matter of RONNIE JOHNSON, Petitioner, v ANTHONY J. SCHEMBRI, as Correction Commissioner of the City of New York, et al., Respondents. [642 NYS2d 9] —Determination of respondent Correction Commissioner dated July 25, 1994, which dismissed petitioner from his position as a correction officer for

using cocaine, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered February 10, 1995) dismissed, without costs.

Petitioner contends that respondent's testimony methods violated its own Directive No. 7507 (VI) (c), which requires that an initial positive urinalysis for drug use be confirmed by a second, more sophisticated test. Unable to provide enough urine for what respondent describes as "the requisite two specimens", petitioner was told by the officer in charge of taking urine samples to drink water, and was able to provide a second bottle a half-hour after the first. The first urine tested positive for cocaine under both an EMIT test and the more sophisticated GC/MS test; the second, later-provided urine yielded a reading on the EMIT test just below the minimum needed to deem the result positive. The different results were accounted for by the laboratory by the fact that the second urine was diluted by the water and produced a half-hour after the first. Petitioner contends that the testing of the second specimen, which was negative, constitutes the confirmatory test; respondent contends that the second testing of the first specimen constitutes the confirmatory test. Respondent's interpretation of its own rules is entitled to the "greatest weight" (*Matter of Herzog v Joy*, 74 AD2d 372, 375, *affd* 53 NY2d 821), all the more so where, as here, interpretation involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and the inferences to be drawn therefrom (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). As respondent's interpretation is not irrational or unreasonable, it should be upheld (*supra*). The record also supports the discarding of the second urine as an unreliable specimen. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Mazzarelli, JJ.