*750 OPINION OF THE COURT
Smith, J.
The issue here is whether Labor Law § 511 (17) entitles claimant to unemployment compensation benefits following his return to school after working in a cooperative education program sponsored by his college. We conclude that he was not entitled to benefits and we affirm the order of the Appellate Division.
Claimant was enrolled as a full-time student at Clarkson University in Potsdam, New York. He began his attendance there in September 1989 and enrolled in a four-year program in engineering. At the time of his enrollment, Clarkson had created and sponsored a Semester in Industry Program in which four students were employed by the General Motors Corporation, Delco Chassis Division. Claimant applied for and was accepted into the program. His acceptance letter stated, "We plan to provide your work experience in the Spring and Summer of 1992.” In his acceptance letter claimant replied, "I am pleased that I will be joining you in the Spring and Summer of 1992.” Prior to beginning his work there, he signed a "Student Agreement Form” that he would work from January through August 1992. In response to a question on his application as to why he wished to work for General Motors, claimant replied, "part of the university co-op program.” His employment began in January 1992 and continued until August 1992. At that time he returned to Clarkson on a full-time basis. Prior to leaving his job, he signed an "Exit Interview Voluntary Quit” form which gave his reason for leaving as "return to school.”
Following his work at General Motors, claimant sought unemployment compensation benefits. He was found eligible to receive benefits. Following this initial determination, a hearing was held before an Administrative Law Judge. By a decision dated February 23, 1993, the ALJ found that the services performed by claimant were excluded from the term "employment” as provided in Labor Law § 511 (17) and that claimant was ineligible to receive benefits. The Unemployment Insurance Appeal Board then reversed the decision of the ALJ. The Board concluded that the services rendered by claimant were *751 not a part of the school’s curriculum, that the primary purpose of the job was to enhance future employment, that the claimant engaged in employment pursuant to Labor Law § 511 (17) and that the claimant did not voluntarily leave his employment. On appeal, the Appellate Division, with two Justices dissenting, reversed the ruling of the Board. The Appellate Division concluded that the plain language of Labor Law § 511 (17) and the legislative intent behind that section precluded compensation to the claimant. He appeals as of right pursuant to CPLR 5602 (a).[1]
Claimant contends that the Board’s decision that Labor Law § 511 (17) is inapplicable to this case is not irrational, is supported by substantial evidence and should be given deference. He further contends that the issue of whether he was available to continue working is not before this Court. Respondent General Motors contends that the Board misinterpreted the statute, that its decision was irrational and that claimant was unavailable to continue work.
Labor Law § 511 (17) excludes the cooperative education program in which claimant was engaged from employment covered by unemployment compensation. That section reads as follows:
"The term 'employment’ does not include service performed by an individual under the age of twenty-two[2] who is enrolled at a nonprofit or public educational institution which normally maintains a regular faculty and curriculum and normally has a regularly organized body of students in attendance at the place where its educational activities are carried on as a student in a full-time program taken for credit at such institution, which combines academic instruction with work experience, if such service is an integral part of such program, and such institution has so certified to the employer, except that this subdivision shall not apply to service performed in a program established for or on behalf of an employer or group of employers.”
*752 Where a decision involves the special expertise of the Board, its interpretation of a statute must be given deference. Where, however, a matter involves statutory interpretation and does not involve the expertise of the Board, the meaning of the statute is for this Court to determine (Matter of Gruber [New York City Dept. of Personnel], 89 NY2d 225, 231; Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459).
The questions of statutory interpretation here are whether (1) the terms "taken for credit” found in Labor Law § 511 (17) require, as the Appeal Board held, that the student receive credit for the cooperative educational program and (2) the statute implicitly requires that the cooperative program be a "mandatory” part of the curriculum before the statutory exclusion from the definition of covered employment applies. The section contains no terms of art involving agency knowledge or expertise or understanding of underlying operational practices and the construction does not entail "an evaluation of factual data and inferences to be drawn therefrom” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d, at 459, supra). Thus, the statutory question can be resolved by this Court’s resort to the plain language of the statute and reference to legislative intent, and no agency deference is warranted.
Under the plain language of the statute, it is evident that the section does not mandate that students receive academic credit for services rendered in a cooperative program before those services will be excluded from covered employment. The term "taken for credit” modifies the full-time program in which the student is enrolled and not the work experience. Thus, the Board’s determination that the services must be performed for credit is contradicted by the plain language of the statute.
The Board also determined that participation in a cooperative program must be "mandatory” for the exclusion of section 511 (17) to apply. This construction is also belied by the statute’s plain language which omits any requirement that the work-study program be a mandatory part of the student’s coursework.
Contrary to the decision of the Board, our conclusion that the claimant is not entitled to benefits is also supported by the legislative intent underlying the enactment of the unemployment insurance scheme. First, the legislative history indicates that one objective of the legislation was to conform New York law to Federal law which precluded unemployment compensa *753 tion upon leaving a cooperative education employment program.[3]
Second, the policy of New York State as declared by the Legislature is that "involuntary unemployment” is a serious menace to the health and welfare of the State and that those involuntarily removed from employment "through no fault of their own” should be maintained (Labor Law § 501). Claimant not only signed a statement at the beginning of his employment that he would work for a limited period but also signed an exit interview that he was voluntarily leaving his employment and returning to school on a full-time basis. The program was administered by the college in which he was a student. While he was not taking courses during the time of his employment, claimant was still considered a student by the college, and maintained health insurance through the college. Third, it is clear that claimant was not ready, willing and able to work at the time he returned to college as a full-time student (see, Labor Law § 591 [2]). The record is clear that from the beginning of his employment, claimant intended to return to college to complete his education.
Finally, to conclude that the respondent is responsible for unemployment insurance benefits not only would be counter to the plain words of Labor Law § 511 (17) but also would jeopardize business involvement in programs such as this one because of the potential for unemployment insurance liability.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Titone, Bellacosa, Ciparick and Wesley concur; Judge Levine taking no part.
Order affirmed, with costs.

. While the Commissioner of Labor joined in the proceedings before the Appellate Division, he is not a party to this appeal.

. Effective November 17, 1994, the statute was amended by replacing the phrase "under the age of twenty-two” with the phrase "regardless of age.

. See Pub L 91-373 § 106 (a) which, in 1970, amended 26 USC § 3306 (c) (10) by adding clause (C).