# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**103**

**CA 16-00579**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF JAMES K. GLOGOWSKI,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

COUNTY OF ORLEANS, ORLEANS COUNTY
DEPARTMENT OF HEALTH, PAUL A. PETTIT AND
DAVID G. WHITCROFT, RESPONDENTS-RESPONDENTS.

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, ALBANY (BENJAMIN F. NEIDL OF COUNSEL), FOR PETITIONER-APPELLANT.

WEBSTER SZANYI, LLP, BUFFALO (TOM LEWANDOWSKI OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered December 16, 2015 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the determination is annulled and the matter is remitted to Supreme Court, Orleans County, for further proceedings on the petition.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel respondents to approve design proposals and plans for, inter alia, a septic system. We conclude that Supreme Court erred in dismissing the petition.

Petitioner is licensed as a professional land surveyor in New York. His license contains an exemption pursuant to Education Law § 7208 (n), which allows him to design, inter alia, "sanitary sewerage facilities of a minor nature in connection with subdivisions and the extension and inspection thereof, but not including . . . commercial buildings." In January 2015, petitioner was retained by a local farmer to design a septic system for a four-bedroom, one-and-one-half bath farmhouse, which was to be used as temporary housing for up to 12 migrant farm workers. Petitioner thereafter submitted his design to respondents (hereinafter, County) for approval. In February 2015, petitioner received a letter from the County that it would accept septic system designs from him only for residential projects, and that the farmhouse had been determined to be commercial. The County

therefore concluded that the septic system design must be the work product of a licensed professional engineer.  The County also sent a letter to the farmer who retained petitioner and informed him that the proposed septic system design was not approved because it was not prepared by an engineer.

Petitioner commenced this proceeding, alleging that the categorical denial of his proposed design was an error of law, and that the determination that the farmhouse at issue was commercial was arbitrary and capricious.  We agree with petitioner that the County's determination that he is categorically prevented from designing the septic system is based on a flawed interpretation of law, and thus it is invalid (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205).

We note that we afford the County no deference in interpreting Education Law § 7208 (n).  The interpretation of the statute does not involve technical aspects within the specialized knowledge of the County, and thus the meaning of the statute is for the courts to determine (*see Matter of Killian [General Motors Corp., Delco Chassis Div.-Sweeney]*, 89 NY2d 748, 752).

To interpret Education Law § 7208 (n), we must first determine the scope of practice of a land surveyor generally.  The definition of the practice of land surveying is set forth in the Education Law as follows:  "The practice of the profession of land surveying is defined as practicing that branch of the engineering profession and applied mathematics which includes the measuring and plotting of the dimensions and areas of any portion of the earth, including all naturally placed and man- or machine-made structures and objects thereon, the lengths and directions of boundary lines, the contour of the surface and the application of rules and regulations in accordance with local requirements incidental to subdivisions for the correct determination, description, conveying and recording thereof or for the establishment or reestablishment thereof" (§ 7203).

Thus, as a general rule, a land surveyor is limited to the measuring and plotting of real property and its boundaries, structures thereon, etc., and may not design or evaluate "utilities, structures, buildings, machines, equipment, processes, works, or projects," such practice being the privilege of engineers and, to a limited extent, architects (*see generally* Education Law §§ 7201, 7301).

In 1972, the Legislature authorized an exception to the limited scope of a land surveyor's practice.  That exception is set forth in Education Law § 7208 (n), which provides, in relevant part, that: "[Article 145 of the Education Law] shall not be construed to affect or prevent . . . [t]he design by a land surveyor of roads, drainage, water supply or sanitary sewerage facilities of a minor nature in connection with subdivisions and the extension and inspection thereof, but not including sewage disposal or treatment plants, lift stations, pumping stations, commercial buildings or bridges."

The Education Department also issued a regulation defining the

term "minor nature" to include "the design of . . . sewage disposal systems . . . for individual lots" (8 NYCRR § 68.12 [b] [1]).

Petitioner correctly contends that, according to a plain reading of the statute and regulation, the design he submitted to the County is "of a minor nature" inasmuch as it is a sewage disposal system for an individual lot. The County's contention that the design is not "of a minor nature" because it is of a "commercial building" is legally and factually incorrect. We conclude that the County failed to interpret the statute properly inasmuch as the language appearing after "but not including" is a proviso limiting the exception for designs "of a minor nature" and is not an independent basis for determining that petitioner is disqualified from submitting the design in question (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 212, Comment; *see also Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 114). The County also erred in concluding that the design was of a "commercial building" inasmuch as the design was solely for a septic system, not any sort of a building. We therefore reverse the judgment, reinstate the petition, annul the County's determination that the submitted design is not "of a minor nature," and remit the matter to Supreme Court for further proceedings on the petition.

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court